138 Cal.App.3d 562 (1982)
188 Cal. Rptr. 57
DONNA KRUSESKY, Plaintiff and Appellant,
v.
CLYDE A. BAUGH et al., Defendants and Respondents.
Docket No. 24829.
Court of Appeals of California, Fourth District, Division One.
December 23, 1982.
*564 COUNSEL
Schulman & Schulman and Elizabeth Schulman for Plaintiff and Appellant.
McCormick, Mitchell & Verlasky and Alice Tirey for Defendants and Respondents.
OPINION
WIENER, J.
This is another "oops" pension case.[1]
*565 Plaintiff, Donna Krusesky, says the "oops" was caused by the negligence of her divorce lawyer, defendant Clyde A. Baugh, who neglected to tell her the military retirement pension benefits paid to her husband Alex at the time of their 1969 divorce were community property. The divorce ended a 23-year marriage during which Alex served continuously in the United States Navy. Donna alleges she remained unaware of her rights to the pension until February 25, 1980, when a lawyer she consulted on another matter pertaining to the divorce judgment advised her of her community property interest in the pension. Donna filed this suit for malpractice on November 13, 1980.[2] Baugh successfully demurred on the ground Krusesky's action was barred by the statute of limitations. (Code Civ. Proc., § 340.6.)[3] This appeal followed. We reverse the judgment.[4]
In Neel v. Magana, Olney, Levy, Cathcart & Gelfand (1971) 6 Cal.3d 176 [98 Cal. Rptr. 837, 491 P.2d 421], the Supreme Court pronounced "... that in *566 an action for professional malpractice against an attorney, the cause of action does not accrue until the plaintiff knows, or should know, all material facts essential to show the elements of that cause of action." (Id., at p. 190.) In displacing precedent which had held actions for legal malpractice accrued at the time of the negligent act, the Neel court recognized that although its holding was essential to the "integrity of the legal profession" it nevertheless imposed an increased burden upon that profession because an attorney's error might not be discovered until some indefinite time in the future. (Id., at p. 192.) The court hinted, however, that relief from what was seen as open-ended liability might be obtained if a ceiling were placed upon the delayed accrual of the cause of action similar to the four-year absolute limit of section 340.5 governing actions for medical malpractice. (Id., at pp. 192-193.) Effective January 1, 1978, the Legislature responded to this invitation by enacting section 340.6 adopting a one-year discovery rule or a four-year occurrence rule, whichever occurs first, as the limitations period for legal malpractice actions. (See Mallen, An Examination of a Statute of Limitations For Lawyers (1978) 53 State Bar J. 166.)
(1) Statutes of limitations serve the important public purpose of promoting stability and security in human affairs by preventing plaintiffs from asserting stale claims based on evidence no longer fresh and witnesses no longer available. (Addison v. State of California (1978) 21 Cal.3d 313, 317 [146 Cal. Rptr. 224, 578 P.2d 941]; see also 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 225, p. 1083.) The policy behind statutes of limitations is as meritorious as the policy of trying cases on their merits. (Braham v. Sorenson (1981) 119 Cal. App.3d 367, 373 [174 Cal. Rptr. 39].) Plaintiffs have no vested rights in particular statutes of limitations and the Legislature may shorten a period of limitations as they did by enacting section 340.6. (Liptak v. Diane Apartments, Inc. (1980) 109 Cal. App.3d 762, 773 [167 Cal. Rptr. 440].)
(2) However, a statute is presumed to be prospective only and will not be applied retroactively unless such intention clearly appears in the language of the statute itself. (§ 3; DiGenova v. State Board of Education (1962) 57 Cal.2d 167, 172-174 [18 Cal. Rptr. 369, 367 P.2d 865].) Moreover, a shortened period of limitations "... cannot be applied retroactively to wipe out an accrued cause of action that is not barred by the then applicable statute of limitations. To avoid the unconstitutional effect of retroactive application, a statute [of limitations] must be applied prospectively to such causes of action. [Citation.]" (Niagara Fire Ins. Co. v. Cole (1965) 235 Cal. App.2d 40, 43 [44 Cal. Rptr. 889].)
Since section 340.6 contains no expression of legislative intent on retroactivity we must presume the Legislature intended the limitations period to operate prospectively. (See Brown v. Bleiberg (1982) 32 Cal.3d 426, 437 [186 Cal. Rptr. 228, 651 P.2d 815]; Olivas v. Weiner (1954) 127 Cal. App.2d 597, *567 600-601 [274 P.2d 476].)[5] (3a) Donna filed her action less than three years after January 1, 1978, and therefore she is not barred by the four-year occurrence rule of section 340.6.
There remains the question whether Donna's action is barred by the one-year discovery rule of section 340.6. The one-year period commences when a "plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission...." (§ 340.6; see fn. 3, ante.) Donna alleges she did not discover she was entitled to share in her husband's military retirement pension benefits until February 25, 1980, less than one year before she filed her malpractice action against Baugh. (4), (See fn. 6.) (3b) Assuming this allegation to be true (see fn. 4, ante), Donna actually discovered the facts constituting Baugh's negligent act within the one-year period.[6]
(5) Whether Donna "through the use of reasonable diligence should have discovered" those facts more than one year before she filed her malpractice action depends on whether she had notice of circumstances sufficient to put a reasonable person on inquiry, or had the opportunity to obtain knowledge from sources open to her investigation. (Sanchez v. South Hoover Hospital (1976) 18 Cal.3d 93, 101 [132 Cal. Rptr. 657, 553 P.2d 1129]; Graham v. Hansen (1982) 128 Cal. App.3d 965, 972 [180 Cal. Rptr. 604]; McGee v. Weinberg, supra, 97 Cal. App.3d at p. 803.) What constitutes such notice turns on the facts of each case. In some cases, sustaining known physical or monetary damages may be a fact sufficient to alert a plaintiff "to the necessity for investigation and pursuit of her remedies." (Sanchez v. South Hoover Hospital, supra, 18 Cal.3d 93 at p. 102; McGee v. Weinberg, supra, 97 Cal. App.3d at p. 803.) In other cases, however, because of the nature of legal advice, a financial loss will pass unnoticed. Here, for example, because Baugh advised Donna she had no right to any part of her husband's military pension, she was unaware of her loss until she learned of her rights on February 25, 1980. (6) An attorney stands in a fiduciary relationship with his clients. (Neel v. Magana, Olney, Levy, Cathcart & Gelfand, supra, 6 Cal.3d at pp. 188-189.) A client damaged in the context of *568 such a relationship is under no duty to investigate her attorney's actions unless she has actual notice of facts sufficient to arouse the suspicions of a reasonable person. (Bennett v. Hibernia Bank (1956) 47 Cal.2d 540, 563 [305 P.2d 20]; Electronic Equipment Express, Inc. v. Donald H. Seiler & Co., supra, 122 Cal. App.3d at pp. 854-856; see also Sanchez v. South Hoover Hospital, supra, 18 Cal.3d at p. 102.) (3c) In light of Baugh's advice, Donna's lack of suspicion about not receiving part of her husband's pension benefits is understandable and her delay until after February 25, 1980, to investigate Baugh's competence was reasonable. (See Bennett v. Hibernia Bank, supra, 47 Cal.2d at pp. 563-564; Electronic Equipment Express, Inc. v. Donald H. Seiler & Co., supra, 122 Cal. App.3d at pp. 854-856.) To conclude otherwise and hold Donna acted unreasonably would in effect require a client to consult a second lawyer in every case for another opinion on every subject. (See Neel v. Magana, Olney, Levy, Cathcart & Gelfand, supra, 6 Cal.3d at p. 188.) Because Donna filed her malpractice action within one year after her reasonable discovery of the facts constituting Baugh's negligent act, she is not barred by the one-year limitations period of section 340.6.
The judgment is reversed with instructions to the trial court to overrule the demurrer based on the statute of limitations. The parties shall bear their respective costs on this appeal.
Cologne, Acting P.J., and Moon, J.,[*] concurred.
NOTES
[1] We adopt the jargon used by the cognoscenti of the family law bar. (See 1980 Cal. Fam.L.Rep. 1300.) The military pension seems to have acquired a life of its own in the common law of California. (See Henn v. Henn (1980) 26 Cal.3d 323 [161 Cal. Rptr. 502, 605 P.2d 10].) Lawyers motivated not only by intellectual curiosity but by their self-interest, have understandably maintained a keen awareness in this developing body of law. (See Smith v. Lewis (1975) 13 Cal.3d 349 [118 Cal. Rptr. 621, 530 P.2d 589, 78 A.L.R.3d 231]; Ruchti v. Goldfein (1980) 113 Cal. App.3d 928, 931 [170 Cal. Rptr. 375].)
[2] The underlying action names Baugh and his former law firm as defendants. We refer only to Baugh as a matter of convenience. Alex is a defendant in Donna's action for partition of the military pension benefits. That cause of action is not before us.
[3] All statutory references are to the Code of Civil Procedure unless otherwise specified. Section 340.6 provides: "(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use or reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist:

"(1) The plaintiff has not sustained actual injury;
"(2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omisson occurred;
"(3) The attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney, except that this subdivision shall toll only the four-year limitation; and
"(4) The plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action.
"(b) In an action based upon an instrument in writing, the effective date of which depends upon some act or event of the future, the period of limitations provided for by this section shall commence to run upon the occurrence of such act or event."
[4] Our decision is based on the facts contained in Donna's complaint which we must accept as true at this stage of the pleadings. (Alcorn v. Anbro Engineering, Inc. (1970) 2 Cal.3d 493, 496 [86 Cal. Rptr. 88, 468 P.2d 216].) Whether she will be able to prove her case at trial is an entirely different question. (Ibid.) We proceed on the premise Donna states a valid cause of action for legal malpractice where the pension involved consists of federal retirement benefits which were both vested and matured at the time of the divorce. (See Smith v. Lewis, supra, 13 Cal.3d at pp. 357-360.) Baugh's reliance upon the holding in McCarty v. McCarty (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728], is misplaced. McCarty does not apply to this case. (In re Marriage of Sheldon (1981) 124 Cal. App.3d 371, 381 [177 Cal. Rptr. 380].) Furthermore, the parties' reliance on Ruchti v. Goldfein, supra, is also misplaced. In Ruchti, the husband's retirement benefits were neither vested nor matured at the time of dissolution. (See Ruchti v. Goldfein, supra, 113 Cal. App.3d at p. 931, fn. 1.) Also, the Ruchti holding rests solely on plaintiff's inability to state a cause of action for legal malpractice. (Id., at p. 936.) The court's discussion of damages and the operation of section 340.6 is dictum.
[5] In Rosefield Packing Co. v. Superior Court (1935) 4 Cal.2d 120 [47 P.2d 716], our Supreme Court explained that even where the Legislature intends a shortened period of limitations to be applied retroactively, a claimant must be allowed a reasonable time within which to proceed with his cause of action. (Id., at pp. 122-123.) Here, even if we were to interpret section 340.6 as applying retroactively, we would not hold Donna's action filed within three years of that section's effective date was unreasonable.
[6] The belated discovery of facts will toll a statute of limitations, whereas the belated discovery of legal theories will not. (McGee v. Weinberg (1979) 97 Cal. App.3d 798, 803 [159 Cal. Rptr. 86].) Donna's discovery on February 25, 1980, of her rights to her husband's military pension was factual, and was the necessary predicate to her discovery of the negligence theory of liability she asserts in her action against Baugh. (See Electronic Equipment Express, Inc. v. Donald H. Seiler & Co. (1981) 122 Cal. App.3d 834, 848-851 [176 Cal. Rptr. 239].)
[*] Assigned by the Chairperson of the Judicial Council.