[No. B023759. Second Dist., Div. Six. Oct. 1, 1987.]

MARCIA RUBINSTEIN, Plaintiff and Appellant, v.
JAMES T. BARNES, Defendant and Respondent.

COUNSEL

Marilyn Gilbert and Gail L. Guthrie for Plaintiff and Appellant.

Cummins & White, Barry Van Sickle and Ronald E. White for Defendant and Respondent.

OPINION

STONE, P. J.—Marcia Rubinstein, aka Marcia Kerish, appeals from a judgment entered in favor of James T. Barnes, respondent, her former attorney, after Barnes prevailed in his motion for summary judgment on grounds that the statute of limitations, Code of Civil Procedure section 340.6, barred her causes of action.[1] ■■■ Appellant contends

---

[1] All statutory references hereinafter are to the Code of Civil Procedure unless otherwise specified.

that: (1) the trial court erred by applying section 340.6 retroactively to her complaint of legal malpractice; (2) section 340.6 is unconstitutionally overbroad; (3) the trial court erred in determining, as a matter of law, that section 340.6 had not been tolled; and (4) the question of tolling remained a triable issue of fact. We find no error and affirm the judgment.

## FACTS

In November 1973, appellant retained respondent to represent her in an action filed for dissolution of her marriage to Burton Kerish.[2] In October 1974, the trial court entered final judgment of dissolution of marriage and retained jurisdiction until 1986 on the issue of spousal support to appellant.

In September 1984, appellant first discovered that respondent may have negligently failed to properly calculate her community property share of her previous husband's civil service pension funds. March 21, 1985, appellant filed a complaint for legal malpractice against respondent for failure to properly evaluate her interest in the pension.

Respondent moved for summary judgment on the grounds that the four-year statute of limitations of section 340.6 barred appellant's causes of action, that respondent discontinued his representation of appellant in 1974, and that respondent used reasonable care and skill in representing her. Appellant asserted that section 340.6, enacted in 1978, could not be applied retroactively to malpractice actions occurring prior to the statute's enactment, and that even if it could, the statute was tolled because respondent continued to represent her as attorney of record up to the time the trial court relinquished jurisdiction over spousal support in 1986. She contended the applicable period of limitations was that set forth in section 339, subdivision 1, which would allow her two years from date of discovery. The trial court found appellant's action was barred by section 340.6 and entered summary judgment July 31, 1986.

## DISCUSSION

1. *Section 340.6 Not Applied Retroactively.*

Section 340.6 provides: "(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from

---

[2] We take judicial notice, at appellant's request, of Kerish v. Kerish, case number SM 13636.

the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] (1) The plaintiff has not sustained actual injury; [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred; [¶] (3) The attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney, except that this subdivision shall toll only the four-year limitation; and [¶] (4) The plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action. [¶] (b) In an action based upon an instrument in writing, the effective date of which depends upon some act or event of the future, the period of limitations provided for by this section shall commence to run upon the occurrence of such act or event."

We are asked to decide the applicability of section 340.6 where the malpractice claim is discovered after the effective date of section 340.6, filed more than four years after the attorney's act or omission, and filed more than four years after enactment of section 340.6.

*Krusesky* v. *Baugh* (1982) 138 Cal.App.3d 562 [188 Cal.Rptr. 57] and *Baright* v. *Willis* (1984) 151 Cal.App.3d 303 [198 Cal.Rptr. 510], although similar to the case at bench, differ in one respect. In *Krusesky,* the court considered section 340.6 as it applied to attorneys' acts or omissions which occurred prior to the effective date of the statute and concluded that, since section 340.6 contains no expression of legislative intent on retroactivity, the Legislature presumably intended the limitations period to operate prospectively. (138 Cal.App.3d at p. 566; see *Brown* v. *Bleiberg* (1982) 32 Cal.3d 426, 437 [186 Cal.Rptr. 228, 651 P.2d 815].)

*Baright* added that if plaintiff discovered or should have discovered the facts constituting his malpractice action only after the effective date of section 340.6, it is that statute which governs the lawsuit. In the event plaintiff discovered or should have discovered facts constituting the malpractice prior to January 1, 1978, the effective date of section 340.6, the two-year discovery rule of the predecessor statute of limitations, section 339, subdivision 1, is applicable. (151 Cal.App.3d at p. 308, and fn. 1 on that page; see also *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 182, 190 [98 Cal.Rptr. 837, 491 P.2d 421].)

Both *Krusesky* and *Baright* applied section 340.6 to claims filed after its enactment on alleged omissions previously committed. However, those plaintiffs filed their complaints less than four years after the effective date of section 340.6 and, consequently, the courts held they were not barred by the

four-year period of limitations. Here, it is undisputed that appellant suffered actual injury on the date of final judgment in 1974, but discovered the alleged malpractice after both the effective date of section 340.6 *and* the outside limitations period of four years in which to commence an action. Also, whether appellant should have discovered the alleged malpractice earlier is not in issue here. ■■■ Hence, appellant asserts that what was a procedural prospective application of the statute in *Krusesky* and *Baright* results in an unconstitutional retroactive application of section 340.6 to her substantive claim.

■■ The substantive-procedural distinction does not prevail in California because both "procedural" and "substantive" statutes are subject to the presumption against retroactive effect. (*Russell* v. *Superior Court* (1986) 185 Cal.App.3d 810, 815 [230 Cal.Rptr. 102].) ■■ A plaintiff has "no vested rights in particular statutes of limitations and the Legislature may shorten a period of limitations as they did by enacting section 340.6." (*Krusesky* v. *Baugh, supra,* 138 Cal.App.3d 562, 566.) That shortened period may be applied to a pending proceeding. (*Rosefield Packing Co.* v. *Superior Court* (1935) 4 Cal.2d 120, 122 [47 P.2d 716].) However, there must be a reasonable time permitted for the party affected to avail himself of his remedy. (*Id.,* at p. 122.)

■■ We find persuasive the California Supreme Court's consideration of an analogous statute, section 340.5, which applies to malpractice actions against health care providers and which has had a four-year (1970 enactment) and three-year (1975 amendment) outside limit on the period after a plaintiff's injury in which an action for professional negligence may be commenced. (*Brown* v. *Bleiberg, supra,* 32 Cal.3d 426, 437.) Section 340.5 was enacted after plaintiff's injury in *Bleiberg.* The Supreme Court held that the limitations period could not be given retroactive effect so as to wipe out plaintiff's claim, but "the Legislature may restrict the period of limitations on a pending claim so long as the plaintiff is given 'a reasonable time in which to sue.' " (*Id.,* at p. 437.) The Supreme Court approved interpreting the statute to provide that its period of limitations from the effective date of the statute be given the plaintiff as a reasonable time after enactment in which to bring suit. (*Ibid.*)

*Young* v. *Haines* (1986) 41 Cal.3d 883 [226 Cal.Rptr. 547, 718 P.2d 909] is even closer to the facts before this court. In *Young* v. *Haines, supra,* plaintiff argued that section 29, with its common law delayed-discovery tolling provision, was the applicable statute of limitations rather than section 340.5 for personal injuries sustained prior to or in the course of birth. (*Id.,* at p. 891.) She also asserted that the 1975 version of section 340.5 may not be applied to her since her cause of action, *though undiscovered,* accrued

before its enactment, and that such retroactive application would unconstitutionally deprive her of a vested right to the benefits of section 29, with its delayed-discovery rule. (*Id.,* at p. 891, fn. 5.) The Supreme Court cited *Brown* v. *Bleiberg* in finding that section 340.5 could be applied even though she had not discovered her cause of action before its enactment: "Plaintiff here was injured in 1972. By its own terms, the 1975 version of section 340.5 gave her until her eighth birthday, or five years after that statute became effective, to initiate an action. This is a reasonable time in which to sue. Thus, her argument that section 340.5 may not be applied retroactively to her claim must fail." (*Young* v. *Haines, supra,* at p. 891, fn. 5.)

Application of section 340.6 to appellant's cause of action does not "wipe out" her claim. (*Brown* v. *Bleiberg, supra,* 32 Cal.3d at 437.) She had four years after the enactment of that section in which to bring suit. We consider that period of limitations a "reasonable time in which to sue." (*Young* v. *Haines, supra,* 41 Cal.3d 883, 891, fn. 5.)

*2. Section 340.6 Not Unconstitutionally Overbroad.*

Appellant contends section 340.6 is overbroad because it appears to apply to negligent acts or omissions committed by an attorney prior to its enactment as well as those occurring subsequent to its enactment. She asserts that an attorney stands in a fiduciary relationship with his client and a client damaged in the context of this relationship is under no duty to investigate her attorney's actions unless she has actual notice of facts sufficient to arouse the suspicions of a reasonable person. (*Krusesky* v. *Baugh, supra,* 138 Cal.App.3d 562, 567-568.)

However, the proposition she cites from *Krusesky* concerns the one-year discovery rule, not the four-year limitations period. Whether appellant should have discovered facts upon which she based her claim more than one year before she filed her malpractice action is not at issue here. She cites no other authority to support her argument. (See *People* v. *Dougherty* (1982) 138 Cal.App.3d 278, 282 [188 Cal.Rptr. 123].) In essence, appellant argues that the Legislature may not place an outside limitation on a legal malpractice claim because of the difficulty in discovering certain claims. However, *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand, supra,* 6 Cal.3d 176 (upon which she relies for support that she should not be deprived of rights of which she was not aware) recognized the burden of open-ended liability and acknowledged that an absolute limit similar to that in section 340.5 may be desirable for legal malpractice, or indeed in all actions for professional malpractice. (*Id.,* at pp. 192-193; see also *Krusesky* v. *Baugh, supra,* 138 Cal.App.3d at p. 566.)

Moreover, section 340.6 is not absolute; it provides for tolling in certain specified circumstances in which it is most difficult for a plaintiff to discover

the cause of action and, therefore, inequitable to cut off a remedy. Consequently, appellant has failed to persuade us that the statute is overbroad.

3. *No Triable Issue of Fact Concerning Tolling.*

■ Appellant argues that whether her malpractice claim was barred by section 340.6 is a question of fact. She concedes in her reply brief that her argument—respondent's failure to formally withdraw as counsel pursuant to section 285.1 tolled the statute—was resolved against her in *Shapero* v. *Fliegel* (1987) 191 Cal.App.3d 842 [236 Cal.Rptr. 696]. *Shapero* held that such failure, standing alone, does not constitute continued representation for purposes of tolling section 340.6. (*Id..* at p. 849.) However, she contends that there still remained a question whether respondent continued to represent her "regarding the specific subject matter in which the alleged wrongful act or omission occurred . . ." (§ 340.6, subd.(a)(2)) because the court retained jurisdiction over the issue of spousal support until 1986. Additionally, when she contacted respondent about the alleged error in dividing the pension, he informed her that he might be able to secure additional funds for her by asking the court to modify the amount of spousal support.

*Gurkewitz* v. *Haberman* (1982) 137 Cal.App.3d 328 [187 Cal.Rptr. 14] provides the test to determine at what point the attorney-client relationship is terminated. There, the court discussed the similarity of the tolling provisions of section 340.6 subdivision (a)(2) to the "continuous representation" rule created by the New York courts in attorney malpractice cases. This rule "'envisions a relationship between the parties that is marked with trust and confidence. It is a relationship which is not sporadic but developing and involves a continuity of the professional services from which the alleged malpractice stems.'" (*Id.,* at p. 333; *Shapero* v. *Fliegel, supra,* 191 Cal.App.3d 842, 847-848.)

Here, respondent's declaration was supported with appellant's own answers to interrogatories in which she admitted that the only contact she had with respondent subsequent to the final judgment of dissolution occurred in late 1974 when she made one telephone call to respondent to discuss child support payments which were in arrears. She did not request him to take any action concerning late payments and settled the matter herself. The only facts alleged in her answers to interrogatories supporting her contention that respondent continued to represent her were that he never filed a formal withdrawal of counsel and that the court continued to retain jurisdiction of the issue of spousal support.

Moreover, in a deposition, appellant admitted that after the one discussion about late payments, she never asked respondent to do anything further in connection with the dissolution, and that after the final decree was

entered, she considered that "it was over. That was it." She admitted that after the dissolution had concluded, she understood respondent had concluded his representation of her concerning that matter.

■ Summary judgment should not be granted unless there are no triable issues of fact. (§ 437c, subd. (c).) The court is to determine the presence or absence of triable issues of fact by scrutiny of the affidavits offered by the moving party. (*Pasadena City Fire Fighters Assn.* v. *Board of Directors* (1974) 36 Cal.App.3d 901, 906 [112 Cal.Rptr. 56]; *Shapero* v. *Fliegel, supra,* 191 Cal.App.3d at p. 849.) ■ The court is to construe broadly the affidavits of the party opposing the motion and narrowly those of the moving party; doubt as to granting the motion is resolved against the moving party. (*Shapero* at p. 849.)

However, " ' "when a defendant can establish his defense with the plaintiff's admissions sufficient to pass the strict construction test imposed on the moving party [], the credibility of the admissions are valued so highly that the controverting affidavits may be disregarded as irrelevant, inadmissible or evasive. []" ' " (*Shapero* v. *Fliegel, supra,* 191 Cal.App.3d 842, 849.) ■ Here, appellant's own admissions jettisoned the "triable issue of fact" she attempts to create concerning tolling the statute by respondent's continued representation. There was no continuity of representation after entry of final judgment and, by her own admissions, no triable issue of fact concerning whether the statute was tolled.

Respondent urges that we impose sanctions against appellant for bringing a frivolous appeal. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) We decline to do so. Appellant simply has failed to persuade us of the merit to her arguments.

The judgment is affirmed. Each party is to bear its own costs on appeal.

Gilbert, J., and Abbe, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 16, 1987.