Alvin Ronnel ROSS, Plaintiff—Appellant,

v.

Ana M. OLIVAREZ, Warden; Defendants—Appellees.

No. 03–15307.

D.C. No. CV–99–02113–MCE(JFM).

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 24, 2004.

Alvin Ronnel Ross, pro se, COSP—3C Corcoran State Prison, Corcoran, CA, for Plaintiff–Appellant.

Constance L. Picciano, Attorney General's Office, Sacramento, CA, for Defendants–Appellees.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Alvin Ronnel Ross, a California state prisoner serving a life-term without possibility of parole, appeals pro se the district court's summary judgment dismissing on statute of limitation grounds Ross's 42 U.S.C. § 1983 action alleging constitutional violations arising from the defendants' de-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

234

nial of his application to marry. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment and conclusion that the action was barred by the statute of limitations. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir.2003). We review for abuse of discretion the district court's conclusion that equitable tolling did not apply. *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir.2003). We affirm.

The district court properly concluded that the current action was untimely because it was filed more than one year after Ross exhausted his prison grievance procedures. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135 (9th Cir.2001) (en banc) (California's one-year statute of limitations period governs section 1983 claims). Furthermore, the district court properly concluded that the timely-filed California state court action did not equitably toll the statute of limitations because Ross did not act reasonably or in good faith when he filed this action only after a similar state court action was dismissed with prejudice. *See Mitchell v. Frank R. Howard Mem'l Hosp.*, 6 Cal. App.4th 1396, 8 Cal.Rptr.2d 521, 529 (1992) (equitable tolling is not available "to a plaintiff who engages in the procedural tactic of moving the case from one forum to another in the hopes of obtaining more favorable rulings").

Contrary to Ross's contention, Cal.Civ. Proc.Code § 352.1(a) does not toll this action because Ross is incarcerated for a life term without the possibility of parole. *Cf., e.g., Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999) ("For a prisoner *incarcerated for a term less than life,* section 352.1 of the California Civil Procedure Code tolls the statute of limitations for two years.") (emphasis added).

Ross's contention that the two-year statute of limitation in Cal.Civ.Proc.Code § 335.1, which became effective on January 1, 2003, governs his action is without merit. *See Krusesky v. Baugh,* 138 Cal. App.3d 562, 188 Cal.Rptr. 57, 59 (1982) ("a statute [of limitation] is presumed to be prospective only and will not be applied retroactively unless such intention clearly appears in the language of the statute itself.").

Ross's remaining contentions also lack merit.

**AFFIRMED.**