Filed 12/18/13  Stueve v. Berger Kahn CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RUTH McCLAMMA STUEVE et al., | |
| Plaintiffs and Appellants, | G047382 |
| v. | (Super. Ct. No. 30-2010-00411651) |
| BERGER KAHN, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Nancy Wieben Stock, Judge.  Reversed.

Keobopha Keopong; Barnes Law and Robert E. Barnes for Plaintiffs and Appellants.

Gladstone Michel Weisberg Willner & Sloane and Allen L. Michel for Defendant and Respondent.

\*          \*          \*

This appeal is a companion to the appeals addressed in our opinions in Case Nos. G046253 and G047121, being filed concurrently herewith. We do not reiterate the lengthy facts of the underlying litigation here. Suffice it to say that the plaintiffs (the Stueves) generally assert that they have been deprived of their shares of the Alta Dena Dairy fortune through the conjoint activities of Attorneys Raymond A. Novell and Jay Wayne Allen, who drained off the family assets through a spider web of actionable wrongs. Because Attorney Allen worked at the law firm of Berger Kahn for a period of time while he allegedly engaged in these nefarious activities, the Stueves named Berger Kahn as a defendant in the litigation.

In this opinion, we address only the appeal of the Stueves who are individuals, challenging the dismissal of their third amended complaint as against Berger Kahn. We reverse. We cannot agree that the statute of limitations necessarily bars all causes of action as a matter of law. Moreover, it is not apparent that the individual Stueves are unable to allege sufficient facts to frame a viable cause of action under any legal theory.

I

FACTS

A. *Second Amended Complaint:*

The Stueves filed a 331-page second amended complaint against Attorney Novell, Attorney Allen, Berger Kahn, and dozens of others. The 11 causes of action against Berger Kahn included negligent misrepresentation, fraud by intentional misrepresentation, fraud by concealment, constructive fraud, conversion, breach of fiduciary duty, professional negligence, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1961 et seq.), violations of the prudent investor rule, financial elder abuse, and negligent hiring and supervision.

Berger Kahn filed a Civil Code section 1714.10 motion to strike and two demurrers to the second amended complaint. The court granted, in part, Berger Kahn's

2

motion to strike all conspiracy allegations against it, due to the Stueves' failure to comply with Civil Code section 1714.10. The Stueves's appeal from that order is addressed in our opinion in Case No. G046253.

The court sustained, without leave to amend, Berger Kahn's demurrers as to those Stueves who are trusts and entities. It held, inter alia, that all claims were barred on the basis of the statute of limitations. The court entered an order of dismissal of Berger Kahn with respect to those Stueves. The appeal from that dismissal is addressed in our opinion in Case No. G047121.

The court held that the individual Stueves had stated causes of action for breach of fiduciary duty, professional negligence, violation of the prudent investor rule, and negligent hiring and supervision. It also observed that the receipt of fees by Berger Kahn could constitute conversion. However, it held that the causes of action for fraud by intentional misrepresentation, negligent misrepresentation, RICO violations and financial elder abuse failed.

Ultimately, the court held that the statute of limitations barred all of the causes of action of the individual Stueves. It sustained without leave to amend the demurrer to the causes of action for fraud by intentional misrepresentation and for negligent misrepresentation and sustained with leave to amend the demurrer to the remaining causes of action.

*B. Third Amended Complaint:*

In an endeavor to plead their remaining causes of action with greater specificity, the individual Stueves filed a 497-page third amended complaint. They continued to press causes of action for fraud by concealment, financial elder abuse, breach of fiduciary duty, constructive fraud, conversion, negligent hiring and supervision, professional negligence, and violation of the prudent investor rule.

3

In response, Berger Kahn filed another demurrer. It maintained that all causes of action were barred by the statute of limitations. It also argued that the individual Stueves had failed to allege facts sufficient to state a viable cause of action in any event.

The court sustained without leave to amend Berger Kahn's demurrer to the third amended complaint as to the individual Stueves, on the basis of the statute of limitations, and entered a corresponding order of dismissal. The appeal from that order is before us.

II

DISCUSSION

The individual Stueves contend that the court erred in holding their lawsuit is barred by the statute of limitations. They remind us that: "'"A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred. [Citation.] In order for the bar . . . to be raised by demurrer, the defect must clearly and affirmatively appear of the face of the complaint; it is not enough that the complaint shows that the action may be barred. [Citation.]" [Citation.]' [Citation.]" (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42; *Baright v. Willis* (1984) 151 Cal.App.3d 303, 311.) Moreover, as stated in *City of San Diego v. U.S. Gypsum Co.* (1994) 30 Cal.App.4th 575, the "[r]esolution of a statute of limitations defense normally is a factual question . . . . [Citation.]" (*Id.* at p. 582; *Baright v. Willis, supra,* 151 Cal.App.3d at p. 311.) The individual Stueves argue it cannot be said that the third amended complaint demonstrates clearly and affirmatively on its face that all of their causes of action are barred by the statute of limitations. We agree, for the reasons discussed in our opinion in Case No. G047121. We need not repeat all those reasons here.

As an alternate ground for affirmance, Berger Kahn says the Stueves have failed to properly plead their causes of action in any event. It briefly mentions some, but

4

not all, of the causes of action. Indeed, it does not address some of the individual Stueves's causes of action the court previously indicated were viable—those for breach of fiduciary duty and violation of the prudent investor rule.

Berger Kahn also does not address the impact of the court's ruling on the motion to strike. When the court struck the conspiracy allegations, it in effect knocked the wind out of the sails of the bulk of the lawsuit. And, as we state in our opinion in Case No. G046253, the court erred striking those allegations. The individual Stueves shall have an opportunity on remand to reassert their conspiracy-based allegations and frame their causes of action based thereon. It is simply premature at this point to conclude that they cannot allege "facts sufficient to state a cause of action under any possible legal theory. [Citation.]" (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 870.)

III

DISPOSITION

The judgment is reversed. The appellants shall recover their costs on appeal.

MOORE, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

THOMPSON, J.

5