[Civ. No. 28947.   Second Dist., Div. Three.   July 19, 1967.]

MORRIS I. MIZRAHI, Plaintiff and Respondent, v. JOHN J. MISCIONE, as Administrator, etc., Defendant and Appellant.

Nadel & Jacobson, Ruthe Jacobson and Ellis J. Horvitz for Defendant and Appellant.

Lester Bise, Berk & Bise, Paul P. Selvin and Selvin & Cohen for Plaintiff and Respondent.

SHINN, J.*—The appeal is from a judgment establishing a claim against the estate of John V. Miscione, deceased, after its rejection by defendant administrator. The claim was rejected and the action was defended upon the ground that Miscione had been declared a bankrupt and had been discharged from all his debts. The court found that Mizrahi or his attorneys had no notice or knowledge of the bankruptcy proceedings, and concluded that plaintiff's debt had not been discharged. The finding was based upon the failure of Miscione to properly list the judgment debt in his schedules.

Section 7 of the Bankruptcy Act reads in part: " (a) The bankrupt shall . . . (8) prepare, make oath to, and file in court . . . a list of all his creditors, . . . showing their residences or places of business, if known, or if unknown that fact to be stated, the amount due. . . ." (11 U.S.C., § 25, subd. a(8).)

Section 17 reads: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, . . except such as . . . (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; . . ." (11 U.S.C., § 35, subd. a(3).)

The judgment debt was scheduled as follows: "34. Morris I. Mizzachi [*sic*] $4,500.00, c/o Louis Most, Attorney at Law, 328 S. Beverly Dr., Beverly Hills, Calif. Action for damages filed

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

in 1949 in Santa Monica Superior Court case No. 2362. Judgment entered in 1951.'' The court clerk mailed a notice of the first meeting of creditors addressed as stated in the schedules.

The reason for stating Miscione's address as Most's office was that in the action in which the judgment was rendered Most, Jerry Berk and Lester Bise, with offices at 629 South Hill in Los Angeles, California, were Mizrahi's attorneys of record. Most also maintained an office in Beverly Hills.

Liberally construed, appellant's arguments appear to be (1) in bankruptcy matters notice to a creditor's attorney is notice to the creditor, (2) actual knowledge of a creditor's attorney of the pendency of a bankruptcy is knowledge of the creditor, (3) Most was Mizrahi's attorney and the notice which came to Most's office was notice to Most of the pendency of the bankruptcy, (4) Most's office was the business address of Mizrahi in all matters relating to the judgment and (5) the notice imparted to Most actual knowledge of the pendency of the bankruptcy and his knowledge was imputed to Mizrahi.

Contentions (1) and (2) do not demand attention; (3), (4) and (5) are the ones that must be answered. These contentions must be considered in the light of the facts established by the findings, either express or implied. It is well settled that ultimate findings of fact which are the basis of the judgment imply that the court found the existence of all facts consistent with the judgment and no facts that were inconsistent.

██ ██ Appellant contends that the evidence was insufficient to support the finding that Mizrahi's attorney was not given notice of the bankruptcy. The finding was a proper one. It was incumbent upon appellant to prove that Most was given notice and that he was Mizrahi's attorney for the purpose of receiving notice. No notice of the first meeting of creditors was given to Most. Nothing came addressed to him, only the notice addressed to ''Mizzachi'' (Mizrahi) in care of Most. Mail addressed to a third party which comes to the office of an attorney is mail of the addressee, not of the attorney. As to Most the mailed notice was wholly ineffective.

Additionally, the court's finding implies that Most was not Mizrahi's attorney within the meaning of section 1 of the Bankruptcy Act reading '' 'Creditor' shall include anyone who owns a debt, demand, or claim provable in bankruptcy, and may include his duly authorized agent, attorney, or proxy; . . .'' (11 U.S.C., § 1, subd. (11).) The evidence

supports this finding. Appellant failed to prove that Most had any authority to represent Mizrahi for the filing of a claim in the bankruptcy. When a judgment has been entered the duties of an attorney are at an end unless the terms of his employment require him to take some action to collect the judgment. (6 Cal.Jur.2d, Attorneys at Law, § 166.) If he does proceed, as by taking an appeal, or having execution issued, his authority will be presumed. (6 Cal.Jur.2d, Attorneys at Law, §§ 153, 165.) But if he takes no action to enforce collection it will not be presumed from the fact that he obtained the judgment that he had authority and a duty to do so. If the law were as appellant contends, Most could have been accused of negligent breach of duty in failing to see that Mizrahi's claim was filed in the bankruptcy. But the law is not so unreasonable.

The finding that Mizrahi was not given notice was proper for the reason that he did not receive the notice that came to Most's office, and no other notice was sent.

The further contention that Most had actual knowledge of the bankruptcy which was imputed to Mizrahi is untenable. As previously stated, the court found that neither Mizrahi nor his attorney had actual knowledge of the bankruptcy. The burden was upon appellant to prove that Mizrahi received knowledge directly or that his authorized attorney received knowledge that was imputable to him. It is not contended that Mizrahi, personally, had such knowledge. Aside from the fact that Most was not Mizrahi's attorney when the notice came to his office, the testimony of Most was sufficient to support the additional implied finding that he had no knowledge of the contents of the notice He did not remember having seen the notice; Mizrahi was not listed as a client in his office records; he did not know Mizrahi; he had had nothing to do with the case in which the judgment was rendered; and it was his custom to throw into the wastebasket notices of the first meeting of creditors of a bankrupt.

The failure of appellant to prove that either Mizrahi or his authorized attorney had actual knowledge of the bankruptcy required a finding that neither of them had such knowledge.

The attorneys on both sides have been diligent in researching the law and in the preparation of briefs. Appellant has cited numerous cases in which the courts held to be sufficient notices which were mailed with incomplete addresses, and the courts have indeed been liberal in the view that addresses need not be so complete as to enable one to find the addressee from the address alone, but this rule is inapplicable

here. For the purpose of giving notice, a wrong address is no address at all. (*Brown* v. *Tropp,* 106 Cal.App. 605 [289 P. 648] ; *Van Denburgh* v. *Goodfellow,* 19 Cal.2d 217 [120 P.2d 20].) This is our case. Miscione knew the business address of Mizrahi. The alternate residence address of Mizrahi was also easily available to him. Instead, he chose to schedule an address at which a notice would not reach Mizrahi. There is no suggestion of fraud, only carelessness, and ignorance of the legal requirements, but the consequence was that Mizrahi's judgment remained intact. The trial court could not properly have rendered a different judgment

The findings support the judgment, the evidence supports the findings, and our duty is clear.

The ju 'gment is affirmed.

Cobey, Acting P. J., and Moss, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 13, 1967.