[No. C004116. Third Dist. Aug. 16, 1988.]

LEONARD C. PANATTONI et al., Petitioners, v.

THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent;

CESARIO PALACIO, Real Party in Interest.

## COUNSEL

James R. Kirby II and Segal & Kirby for Petitioners.

No appeareance for Respondent.

Richard Gregg and Boccardo Law Firm for Real Party in Interest.

## OPINION

**BLEASE, Acting P. J.**—Petitioners Leonard C. Panattoni and Panattoni, Westley, Farrell & Fraulob (defendants) seek relief from the denial of their motion for summary judgment. Defendants assert that the legal malpractice action filed against them by real party in interest Cesario Palacio (plaintiff) and his wife, Nellie Palacio, is barred by the statute of limitations of Code of Civil Procedure section 340.6. We agree, and shall issue a writ of mandate directing the superior court to enter judgment in defendants' favor.

Discussion

I

■ A defendant's motion for summary judgment addresses the legal question whether there are undisputed *material* facts which foreclose the plaintiff's right to relief. (Code Civ. Proc., § 437c; see *Pultz v. Holgerson* (1986) 184 Cal.App.3d 1110, 1114 [229 Cal.Rptr. 531].) Materiality is measured by the law applicable to the legal theories put in issue by the complaint. (*Ibid*.) ■ The dispositive legal question here is whether the period of defendants' separate representation of plaintiffs which followed that from which the claim arises, may be aggregated to toll the statute of

limitations of Code of Civil Procedure section 340.6. The statute compels a negative answer.

The complaint sets forth several causes of action, all of which, save for the present claim, were terminated on defendants' motion for summary judgment or adjudication of issues. The remaining claim is that defendants breached a duty to plaintiff in failing to file a third party tort action seeking damages for injuries he sustained in the course of his employment.

The complaint alleges that on May 26, 1978, plaintiff was injured while working on a construction job. In September 1978 he retained defendants to represent him "in regard to all matters arising from the construction accident . . . ." Defendants pursued claims for workers' compensation and social security benefits but allowed the statute of limitations to expire on a meritorious third party claim for loss of consortium and personal injuries. The time within which to bring the third party action expired on May 26, 1979, one year from the date of the accident. (Code Civ. Proc., § 340.)

Plaintiff's malpractice complaint was not filed until May 30, 1985. He justifies this delay by alleging that he did not discover the fact of defendants' negligence until June 1, 1984. That claim brings into play the provisions of Code of Civil Procedure section 340.6,[1] upon which defendants rely. It provides that an action against an attorney for a wrong arising out of the performance of professional services must be filed within one year after the plaintiff discovers the wrongful act or omission, "or four years from the date of the wrongful act or omission, whichever occurs first. . . ." It further provides that the time is tolled during the period the "attorney *continues* to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred . . . ." (Italics added.)

---

[1] Section 340.6 provides as follows: "(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] (1) The plaintiff has not sustained actual injury;

"(2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred;

"(3) The attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney, except that this subdivision shall toll only the four-year limitation; and

"(4) The plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action.

"(b) In an action based upon an instrument in writing, the effective date of which depends upon some act or event of the future, the period of limitations provided for by this section shall commence to run upon the occurrence of such act or event."

 Here, the "specific subject matter" is claims for injuries arising from the construction accident. Plaintiff agrees that the cause of action for malpractice for failure to pursue such a claim accrued on May 26, 1979, the date upon which the third party tort claim was lost by virtue of the passage of time. (Cf. *Baright* v. *Willis* (1984) 151 Cal.App.3d 303, 308 [198 Cal.Rptr. 510].) Defendants concede that the limitation period was tolled during the period of their representation of plaintiff for claims for workers' compensation and social security benefits arising out the construction accident, but assert that it ended no later than March 10, 1981, the date on which a stipulated judgment was entered in the compensation proceeding. Accordingly, they claim the period began to run no later than that date and plaintiff's complaint was untimely since it was not filed until May 1985, more than four years thereafter.

Plaintiff responds that there is a triable issue of fact whether defendants continued to represent him as counsel with regard to the the subject matter of the construction accident until January 17, 1984, and the four-year period therefore did not commence until that date.

## II

A triable issue of fact exists when an inference of such fact can be drawn from all of the papers submitted in the summary judgment proceeding. (Code Civ. Proc., § 437c.) The fact which is material to the tolling of the statute of limitations is whether defendants continued "to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred," to wit, "all matters [relating to recovery for injury] arising from the construction accident . . . ."

It is agreed that defendants undertook to obtain whatever social security and workers' compensation benefits to which plaintiff was entitled by virtue of the accident. Social security payments were granted sometime in the spring of 1979. The workers' compensation proceedings extended to March 10, 1981, when plaintiff entered into a stipulated award which included a 69 percent permanent disability rating. There was no further contact between the parties until February 1983. Plaintiff argues that his declaration raises an "inference" there was some communication between him and defendant during this period. The declaration alleges that at unspecified times, apparently after February 1983, he or his wife saw defendant a few times and had some difficulty making telephone contact.

This gossamer allegation fails to support an inference that defendants *continued* to represent plaintiff in matters relating to further recovery for injuries arising from the construction accident. Indeed, so far as defendants

were concerned, there was nothing further to recover. The irony is that it was that failure which, so plaintiff alleges, constitutes the gravamen of his claim of malpractice.

■ The parties' initial attorney-client relationship ceased in March 1981, upon entry of the stipulated award in the workers' compensation action. By that time nothing remained to be done with regard to plaintiff's social security claim. "When a judgment has been entered the duties of an attorney are at an end unless the terms of his employment require him to take some [further] action . . . ." (*Mizrahi* v. *Miscione* (1967) 252 Cal.App.2d 673, 677 [60 Cal.Rptr. 680].) In general, the relation of attorney and client terminates "by a final determination on its merits of the controversy or litigation in which the attorney was acting . . . ." (7A C.J.S. (rev. 1980) Attorney & Client, § 226, p. 407, fn. omitted.) ■ Where no court or administrative tribunal retains jurisdiction over a matter, and nothing remains to be done with regard to the proceedings in which legal representation was rendered, the duty and authority of counsel comes to an end. No formal notice or motion of withdrawal is necessary to memorialize this termination. (See *Shapero* v. *Fliegel* (1987) 191 Cal.App.3d 842, 847-848 [236 Cal.Rptr. 696].)

■ This period of estrangement ended in February 1983 when plaintiff wrote or telephoned defendant, seeking legal assistance to have his social security benefits reinstated, and also to attempt reopening of the workers' compensation action with the hope of increasing his recovery from that source. A new fee agreement pertaining to such services was signed by the parties and dated February 13, 1983. On January 5, 1984, an administrative law judge entered a decision restoring social security payments. A petition to reopen the workers' compensation matter was filed, but voluntarily dismissed by plaintiff on January 14, 1984. Thereafter, defendants took no action on plaintiff's behalf. In March 1985 plaintiff requested a copy of his file from defendant, and on May 30, 1985, the malpractice complaint was filed.[2]

Relying upon these actions, plaintiff claims that, while the statute may have begun running in March 1981, it was again tolled from February 1983, when defendant once again agreed to represent him, until January 1984 when the "second" representation concluded with dismissal of the renewed workers' compensation case. This claim to separate periods of tolling has no legal basis in section 340.6. The statute is tolled only during the period in which defendants "*continue*[d] to represent the plaintiff regarding the spe-

---

[2] We have no occasion to consider when representation has *ended* under other circumstances than those present here.

cific subject matter [the construction accident] in which the alleged wrongful act or omission occurred . . . ." (Italics added.)

### III

The superior court erred in denying defendents' motion for summary judgment. ■ A question remains, however, as to the status of Nellie Palacio's causes of action. Defendants' motion also requested judgment against Nellie on the ground that the "outside" four-year limit of section 340.6 barred her claims, since the cause of action for professional negligence asserted in the complaint accrued more than four years prior to commencement of her suit, and no tolling provision saved Nellie from the passage of time because defendants never represented her. The trial court did not rule on this issue in its original order, and defendants' petition here sought relief against Nellie as well as her husband. However, after the petition was filed in this court and before we stayed all proceedings below, the superior court on reconsideration entered a supplemental order granting summary judgment as to Nellie. Thus, we need not consider Nellie Palacio's causes of action, since defendants' arguments regarding them have been rendered moot. We note, however, that if Cesario's claims are time barred, it seems obvious his wife's are too.

### Disposition

Let a peremptory writ of mandate issue directing respondent superior court to set aside its order denying petitioners' motion for summary judgment, and instead enter a new order granting said motion. Upon our decision herein becoming final, the stay we previously issued is vacated.

Carr, J., and Sparks, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied November 9, 1988.