[No. H009221. Sixth Dist. Nov. 12, 1992.]

RICHARD LEE FINLAYSON, Plaintiff and Appellant, v.
GEORGE SANBROOK et al., Defendants and Respondents.

## COUNSEL

Kazan, McLain, Edises & Simon, Steven Kazan and Brian Mikulak for Plaintiff and Appellant.

Long & Leavit, Michael L. Boli and Jeanette Traverso for Defendants and Respondents.

## OPINION

**COTTLE, Acting P. J.**—In a legal malpractice action (Code Civ. Proc., § 340.6)[1] the statute of limitations does not begin to run until the plaintiff suffers "actual injury." (§ 340.6, subd. (a)(1).) "Actual injury," the Supreme Court recently explained, occurs when a plaintiff suffers an adverse judgment or order of dismissal in the underlying action on which the malpractice action is based. (*Laird* v. *Blacker* (1992) 2 Cal.4th 606 [7 Cal.Rptr.2d 550, 828 P.2d 691].)

Relying on *Laird*, plaintiff argues the trial court erred in entering judgment for defendant on statute of limitations grounds. Plaintiff's suit was filed less than a year after he obtained an adverse judgment in his underlying personal injury suit.

Defendant also claims to rely on *Laird*. (More accurately, defendant relies on an Indiana case cited with approval by the *Laird* court.) The Indiana case holds that where the attorney malpractice consists of not filing an underlying action within the applicable statute of limitations, the statute on attorney malpractice begins to run when the underlying statute of limitations is missed. Although the Indiana statute is distinguishable, we believe the rule stated therein is sound and is consistent with the *Laird* court's admonition that "the focus of the statute of limitations for legal malpractice should be on discovery of the *fact* of damage . . . ." (2 Cal.4th at p. 612, italics in original.) Accordingly we hold that in those circumstances where the malpractice consists of missing a statute of limitations, a plaintiff sustains "actual injury" when the underlying action is lost due to the attorney's malpractice.

---

[1] All further statutory references are to the Code of Civil Procedure. Section 340.6 provides: "(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] (1) The plaintiff has not sustained actual injury; [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred; [¶] (3) The attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney, except that this subdivision shall toll only the four-year limitation; and [¶] (4) The plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action. [¶] (b) In an action based upon an instrument in writing, the effective date of which depends upon some act or event of the future, the period of limitations provided for by this section shall commence to run upon the occurrence of such act or event."

PROCEDURAL BACKGROUND

### A. *The 1983 Legal Malpractice Action*

In 1983 plaintiff filed a legal malpractice action (the 1983 action) against his former attorney. He alleged he had been injured from exposure to asbestos and asbestos-related insulation and building materials while employed as a sheet metal worker from 1952 to 1981. He retained defendant in 1981 to represent him on a workers' compensation claim and to pursue "the possibilit[y] of other remedies of compensation for his injuries." Defendant advised plaintiff he would "protect[] his legal right regarding any and all claims arising out of his asbestos-related illness." However, defendant failed to file "a third party civil action against the manufacturers and suppliers of asbestos and asbestos related products for his injuries."[2] As a result, plaintiff "suffered pecuniary and other losses." Based on these allegations, plaintiff sought damages for legal malpractice, negligent misrepresentation, and negligent infliction of emotional distress.

In February 1989, after the court denied his motion to extend the five-year statute for bringing an action to trial (§ 583.310), plaintiff dismissed this legal malpractice action.

### B. *The 1983 Third Party Action*

In 1983 plaintiff (through his new attorney) also filed a third party action against the asbestos manufacturers and suppliers he claimed defendant should have brought suit against.[3] Several of the manufacturers and suppliers raised the asbestos statute of limitations as an affirmative defense in their answers; two settled. In 1988 some manufacturers and suppliers obtained summary judgment on the grounds plaintiff's suit was time-barred. The record does not indicate whether this action ever went to trial against the remaining defendants; however, the record does indicate it had not gone to trial by February 1989.

### C. *The 1989 Legal Malpractice Action*

On February 6, 1989, the same day plaintiff dismissed his 1983 legal malpractice action, he filed a new legal malpractice action. The allegations

---

[2] The statute of limitations for bringing such an action, based upon exposure to asbestos, is one year. (§ 340.2.) Thus, the third party action was time-barred in 1982.

[3] Although the third party action was already time-barred when filed, plaintiff's present counsel believed it would be viable based on *Jones* v. *Queen of the Valley Hospital* (1979) 90 Cal.App.3d 700 [153 Cal.Rptr. 662]. *Jones* held that a medical malpractice victim's reliance on her attorney's advice that she had no cause of action against her doctor postponed the time of "discovery," thus extending the limitations period. *Jones* was overruled in *Gutierrez* v. *Mofid* (1985) 39 Cal.3d 892 [218 Cal.Rptr. 313, 705 P.2d 886].

in the 1989 action were virtually identical to the allegations in the 1983 action. This time, however, he alleged he "sustained actual injury on or about May 26, 1988 when summary judgment on limitations grounds was granted in favor of certain asbestos manufacturers/suppliers and against plaintiff in his asbestos personal injury action."

Defendant law firm demurred to the complaint on the ground that all causes of action were time-barred. The court sustained without leave to amend the demurrer as to the legal malpractice and negligent misrepresentation causes of action. Later the court granted summary judgment as to the remaining cause of action for negligent infliction of emotional distress. It is from the ensuing judgment that plaintiff appeals.

### DISCUSSION

■ Relying on *Laird* v. *Blacker, supra*, 2 Cal.4th 606, plaintiff contends he suffered "actual injury" in May 1988 when the court granted summary judgment in favor of numerous asbestos defendants. It was at that point that plaintiff suffered an "adverse judgment or order of dismissal in the underlying action on which the malpractice action is based." (*Id.*, at p. 609.) Plaintiff argues that because the 1989 action was filed within nine months of "actual injury" as defined by the *Laird* court, it was therefore timely.

Defendant contends the rule expressed in *Laird* v. *Blacker* is that in failure to file cases, a client suffers "actual injury" on the date the statute of limitation expires. However, *Laird* did not involve a failure to file case, and it never enunciated such a rule. In *Laird* the attorney malpractice consisted of failing to prosecute an action, which resulted in its dismissal pursuant to section 583.410. *Laird*'s holding assumed an "underlying action." It framed the question before it as "what constitute[d the] 'actual injury' [necessary to commence the running of the legal malpractice statute of limitations (§ 340.6)]—the judgment against plaintiff [in the underlying action], or the finality of the appeal therefrom?" (2 Cal.4th at p. 609.) The court "conclude[d] the limitations period . . . commences when a client suffers an adverse judgment or order of dismissal in the underlying action on which the malpractice action is based." (*Ibid.*; see also p. 620 ["the limitations period of section 340.6 commences on adverse judgment or dismissal of the underlying action"].)

The court noted its decision was "supported by the majority of jurisdictions with statutes substantially identical to our own." (*Laird* v. *Blacker, supra*, 2 Cal.4th at p. 618.) It then cited eight sister state opinions, with brief summaries of each case. The fourth citation read: "*Basinger* v. *Sullivan*

(Ind.Ct.App. 1989) 540 N.E.2d 91, 94 [malpractice action accrued when clients learned attorney failed to file suit prior to expiration of statute of limitations, even though alternative avenues of relief not yet exhausted] . . . ." (*Id.*, at p. 619.) *Basinger* v. *Sullivan* (Ind.Ct.App. 1989) 540 N.E.2d 91, and the other sister state opinions, were cited for the proposition that they supported the court's conclusion. That conclusion, as noted above, was that the limitations period of section 340.6 commences when a client suffers an adverse judgment or order of dismissal in the underlying action. The court did not conclude, merely by citing *Basinger*, that in "missed statute" cases, the malpractice statute begins to run when the underlying statute of limitations expires.

Defendant claims that two other California cases—*Johnson* v. *Haberman & Kassoy* (1988) 201 Cal.App.3d 1468 [247 Cal.Rptr. 614] (hereafter *Haberman*), and *Panattoni* v. *Superior Court* (1988) 203 Cal.App.3d 1092 [250 Cal.Rptr. 390] (hereafter *Panattoni*)—also "held" that the malpractice statute of limitations in "missed statute" cases commences on the day the underlying lawsuit is lost.[4] However, the issue before the courts in *Haberman* and *Panattoni* was whether the *second* tolling provision of section 340.6, relating to continued representation by the allegedly negligent attorney,[5] applied, and not whether the *first* tolling provision, relating to "actual injury," applied. Before determining whether the attorney continued to represent the client in *Panattoni*, the court observed, almost in passing, that plaintiff "agrees" the cause of action for malpractice accrued when the statute of limitations on the third party tort claim was lost. This was not the opinion's holding.

Similarly, in *Haberman*, the court observed that "even by the most liberal calculation," plaintiff "admittedly" (201 Cal.App.3d at p. 1474) was irreparably damaged in 1978 when the statute of limitations on fraud was barred. It then moved on to the real issue: whether the attorney owed a continuing duty to the plaintiff limited partner, which would be considered "continuing representation" (*ibid.*) within the meaning of section 340.6, subdivision (a)(2). The court held that under the circumstances of that case, where the attorneys also represented the general partner, they should be estopped from claiming that representation of plaintiff did not continue. Accordingly, the court held the statute was tolled until April 1981 because "plaintiff neither

---

[4]Specifically, defendant claimed, "The *Panattoni* court *held* that 'the cause of action for malpractice for failure to pursue such a claim accrued on May 26, 1979, the date upon which the third party tort claim was lost by virtue of the passage of time,' " and, "The *Haberman* court *held* that Johnson's cause of action for legal malpractice accrued no later than 1978 when the statute on the fraud cause of action expired." (Italics added.)

[5]Section 340.6, subdivision (a)(2) provides that the one- or four-year period shall be tolled during the time "[t]he attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred . . . ."

discovered nor should have discovered the attorneys' wrongdoing until" then. (201 Cal.App.3d at p. 1478.)

Thus, none of the California cases defendant cites holds that in "missed statute" cases, the limitations period of section 340.6 commences when the statute of limitations for the underlying cause of action expires.[6] However, for reasons we shall explain, we so hold.

First, there can be no doubt the Legislature intended to commence the statute upon discovery of the fact of damage rather than upon final confirmation of the amount of damage. The fact of damage is apparent when a right or remedy is lost due to an attorney's failure to file within a statutory limitation. As one treatise explains, "California, in the drafting of its 1978 legal malpractice statute of limitations, addressed the issue of the 'amount' of damage necessary to commence accrual of the statute. In the legislative proposal, the 'appreciable and actual' test of *Budd* v. *Nixen* was replaced by 'significant' injury, but the final statutory enactment required only 'actual' damage. The change was motivated by pragmatic reasons rather than favoritism for lawyers. For a statute of limitations to effectively preclude litigation of stale claims, the inquiry of damage should not invariably raise an issue of fact subjecting the lawyer to uncertainty and the expense of litigating both the merits of the claim and statute defense. The financial and emotional impact of having to defend a professional liability suit is often a greater burden than the actual risk of liability. The California approach reduces the hazard of its statute creating factual issues for litigation by focusing upon the *fact* of damage rather than upon the *amount*." (2 Mallen & Smith, Legal Malpractice (3d ed. 1989) § 18.11, p. 105, fns. omitted, italics in original.) In a footnote, the authors point out that "[s]ome California decisions appear to be unaware of the legislative change and erroneously still cite to the 'actual and appreciable' standard but usually not even in the context where there is an issue concerning the amount of damage. E.g., Robinson v. McGinn, 195 Cal.App.3d 66, 240 Cal.Rptr. 423 (1987) ('irremediable' damages)." (*Id.* at p. 105, fn 18.)

Second, after *Laird*, it can no longer be argued that damage must be "irremediable" before it becomes "actual injury" for purposes of the legal malpractice statute of limitations. The *Laird* court specifically repudiated *Robinson* v. *McGinn* (1987) 195 Cal.App.3d 66 [240 Cal.Rptr. 423], *Bell* v.

---

[6]Defendant also incorrectly asserts, citing *Laird, supra*, 2 Cal.4th 606, and *Bledstein* v. *Superior Court* (1984) 162 Cal.App.3d 152 [208 Cal.Rptr. 428], that the four-year period "is intended to set an outside limit on an attorney's liability" and "the period is tolled for no more than four years." Neither case so holds. The outside limit is four years *plus* any time the statute is tolled. (See e.g., *Haberman, supra*, 201 Cal.App.3d 1468 [fraud occurred in 1975; timely action filed in 1981].)

*Hummel* (1982) 136 Cal.App.3d 1009 [186 Cal.Rptr. 688], *Heyer* v. *Flaig* (1969) 70 Cal.2d 223 [74 Cal.Rptr. 225, 449 P.2d 161], and *Southland Mechanical Constructors Corp.* v. *Nixen* (1981) 119 Cal.App.3d 417 [173 Cal.Rptr. 917] to the extent they embraced the "irremediable" standard. (*Laird, supra,* 2 Cal.4th at p. 617.) Thus plaintiff's attempts to "remedy" some of the harm by filing a third party action (see, *ante,* fn. 3) did not delay accrual of the statute of limitations. Once plaintiff's right was lost, he was damaged even though the amount of his damages had not yet been ascertained.[7]

The *Basinger* case, which is cited by *Laird,* is also instructive even though the Indiana statute on which it is based is distinguishable from California's legal malpractice statute. Specifically, Indiana does not have provisions tolling the limitations period while the attorney continues to represent the client or until a plaintiff suffers "actual injury." However, the statute, like California's, does not begin to run until the cause of action is complete. "The elements of a claim for legal malpractice [under the Indiana statute] have been described as (1) employment of the attorney which creates a duty; (2) failure of the attorney to exercise ordinary skill and knowledge (the breach); proximate cause, and *injury* to the plaintiff *resulting in damage.* [Citations.]" (*Basinger* v. *Sullivan, supra,* 540 N.E.2d 91, 93, italics added.)

In *Basinger,* the attorney failed to file an action for medical malpractice within the statutory limitation period. Immediately upon missing the deadline, the attorney notified the clients and told them he "felt a basis existed for still pursuing the claim against the physician through a declaratory judgment action. He advised them that they could sue him for his mistake and that he had insurance to pay for the claim." (540 N.E.2d at p. 92.) Another attorney whom clients contacted told them Sullivan was a good attorney and to follow his advice. Accordingly they authorized him to file the declaratory relief action. Six months later summary judgment was granted against them. Sullivan again invited them to file a claim against him, and he gave them his malpractice insurer's name and address.

The plaintiff-clients did not file suit, however, until one and one-half years later. (The Indiana statute of limitations is two years.) The trial court entered judgment against the plaintiffs and they appealed. They argued they were not damaged until summary judgment was entered in the declaratory relief

---

[7]Our conclusion that a client suffers "actual injury" at the time a right or remedy is lost due to the attorney's negligence does not mean that a cause of action for legal malpractice accrues on the date the malpractice occurs. As section 340.6 makes clear, the statute does not commence until "the plaintiff discovers, or through the use of reasonable diligence should have discovered the wrongful act or omission . . . ." (See also *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176 [98 Cal.Rptr. 837, 491 P.2d 421].)

action. The appellate court disagreed, stating, "The argument confuses the distinction between the occurrence of damage and the amount of the damage. . . . [¶] For a wrongful act to give rise to a cause of action and thus to commence the running of the statute of limitations, it is not necessary that the extent of the damage be known or ascertainable but only that damage has occurred. . . . [¶] The injury and the damage (whatever it may be) occurred to Basingers' chose in action against the physician when the limitation period expired without suit having been commenced. At that point the value, if any, of the chose in action was damaged and injury occurred." (*Basinger, supra,* 540 N.E.2d at pp. 93-94.)

Although the result in *Basinger* might have been different here because of California's provision tolling the limitation period while the attorney continues to represent the client, the discussion of when damage occurs is highly relevant. An attorney's liability for failing to file within a statutory limitation arises when the client's action is proscribed. The client must act when the attorney's omission becomes, or with reasonable diligence, would become reasonably apparent to the client.

We believe this conclusion is consistent with *Laird*'s explanation "that the focus of the statute of limitations for legal malpractice should be on discovery of the *fact* of damage, not the amount." (2 Cal.4th at p. 612, paraphrasing *Budd* v. *Nixen* (1971) 6 Cal.3d 195 [98 Cal.Rptr. 849, 491 P.2d 433], italics in original.) Although *Laird* repeatedly asserted without qualification that "actual injury" for purposes of section 340.6 occurs when a client suffers an adverse judgment or order of dismissal in the underlying action (2 Cal.4th at pp. 609, 615, 618, 620), we believe that the rule must be qualified to those situations in which there exists a timely filed underlying action. If the *Laird* rule demanded an adverse judgment in missed statute cases, the limitations period could be indefinitely extended simply by filing a time-barred action however late and then waiting until an adverse judgment is rendered.

Based on the foregoing, we conclude that in missed statute cases, "actual injury" for purposes of section 340.6 occurs when the client's cause of action is proscribed.

Under the facts of this case, plaintiff's action became time-barred some time in 1984.[8] (The record does not permit us to be more precise; however, the specific date is one year from the time defendant ceased representing

[8]This is perhaps best illustrated by interlineating dates into the legal malpractice statute of limitation: "(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have

plaintiff on his asbestos-related injury claim.) As section 340.6 instructs, an "action against an attorney for a wrongful . . . omission . . . shall be commenced within one year after the plaintiff discovers . . . the facts constituting the wrongful . . . omission." The wrongful omission here (i.e., the failure to bring a third party action within one year after plaintiff discovered that his disability was caused by exposure to asbestos) occurred in 1982.[9] That omission resulted in the loss of plaintiff's cause of action against potential asbestos defendants and constituted "actual injury" to plaintiff. Plaintiff discovered the facts constituting the wrongful omission no later than 1983 when he filed his first legal malpractice action against defendant law firm, alleging that the firm's failure to file a third party action had caused him injury. Also in 1983, defendant ceased representing plaintiff "regarding the specific subject matter in which the alleged wrongful act or omission occurred." (§ 340.6, subd. (a)(2).) Accordingly, the limitations period of section 340.6 commenced in 1983 and plaintiff's 1989 malpractice action was time-barred.

The judgment is affirmed.

Bamattre-Manoukian, J., and Gordon J.,* concurred.

A petition for a rehearing was denied December 10, 1992, and appellant's petition for review by the Supreme Court was denied January 28, 1993.

---

discovered, the facts constituting the wrongful act or omission [one year after 1983 = 1984], or four years from the date of the wrongful act or omission [four years after 1982 = 1986], whichever occurs first [1984 occurs before 1986]. In no event shall the time for commencement of legal action exceed four years [1986] except that the period shall be tolled during the time that any of the following exist: [¶] (1) The plaintiff has not sustained actual injury [until 1982], [or] [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred [until 1983] . . . ."

[9]At the latest plaintiff knew in 1981 that his disability was caused by exposure to asbestos. It was that year he retained defendant to pursue his workers' compensation claim as well as any other remedies. The statute of limitations for actions based on exposure to asbestos is one year after the date of discovery. (§ 340.2, subd. (a)(2).)

*Judge of the Santa Clara Superior Court sitting under assignment by the Chairperson of the Judicial Council.