[No. G015060. Fourth Dist., Div. Three. Mar. 28, 1996.]

JODI GAILING, as Administrator, etc., Plaintiff and Appellant, v. ROSE, KLEIN & MARIAS et al., Defendants and Respondents.

## COUNSEL

Dimino & Nigro, Franklin J. Dimino, Elizabeth Nigro and Nikola J. Bates for Plaintiff and Appellant.

Howarth & Smith, Don Howarth, Suzelle M. Smith, Kenneth S. Tune and Bruce Haber for Defendants and Respondents.

## OPINION

**WALLIN, J.**—Jodi Gailing, administrator for the Estate of Louis Leon Bazurto,[1] appeals the judgment entered against her on a motion for summary judgment, contending: (1) the statute of limitations had not run on her action as a matter of law; and (2) the motion had previously been denied and was improperly renewed.[2] We affirm.

Louis Bazurto retained Rose, Klein & Marias (RKM) to pursue an asbestos exposure personal injury claim, and RKM filed a complaint on November 18, 1986. The firm also filed a workers' compensation claim on his behalf. Less than a year later, on October 2, 1987, Louis died from asbestosis at the age of 79.

Louis's daughter, Gloria Green, wrote RKM on October 19, asking why RKM had not filed a motion for preferential trial setting in her father's case. Apparently a meeting was scheduled to discuss her concerns, although it is not clear whether the meeting took place.

On October 29, RKM filed an application for adjudication of claim (death case) in the workers' compensation proceeding on behalf of Louis's widow, Josephine Bazurto. On December 2, RKM filed a wrongful death action on behalf of Josephine and Louis's children, and that case was later consolidated with the personal injury action.

On April 22, 1988, Sayre, Moreno, Purcell & Boucher was substituted in RKM's place. On May 24, Gloria wrote, on the family's behalf, to Raymond Boucher of the new firm, asking if the family had a malpractice claim against RKM. On June 6, Boucher responded that they had a claim, but advised against filing suit until the underlying action had concluded because "the statute of limitations does not begin to run until you have been finally damaged, which will not occur until the case is over."

On January 17, 1989, Josephine was appointed special administrator of Louis's estate, and on February 10, the estate was substituted as plaintiff in the personal injury action. The personal injury case did not settle until at least February 1990. On August 3, 1990, RKM settled the workers' compensation case on Josephine's behalf.

---

[1] We will refer to the appellant as "the estate."

[2] The estate also argues the renewed motion was not brought in a timely manner, but acknowledges that argument was not raised in the trial court. We will not consider it in the first instance on appeal. (See *Mirabito* v. *Liccardo* (1992) 4 Cal.App.4th 41, 47 [5 Cal.Rptr.2d 571] [argument not made in the trial court not cognizable on appeal.)

On January 4, 1991, Jodi Gailing[3] was appointed as special administrator of Louis's estate. On January 11, Gailing, on behalf of the estate, along with Josephine, sons Richard and David, and daughter Gloria, sued RKM for legal malpractice. An amended complaint was filed two months later. The basis for the claim was RKM's alleged negligence in failing to resolve the personal injury action before Louis died, losing the opportunity for general damages.

RKM brought a motion for summary judgment on the ground the statute of limitations had run. The motion was denied on October 4, 1991. We summarily denied RKM's petition for writ of mandate. RKM brought a renewed motion in 1993 which was granted.

I

The estate contends the statute of limitations had not run on the malpractice action as a matter of law because it was tolled by two circumstances. Its argument lacks merit.

Code of Civil Procedure section 340.6[4] provides the applicable limitation period. It states in relevant part: "(a) An action against an attorney for a wrongful act or omission . . . shall be commenced within one year after the plaintiff discovers . . . the facts constituting the wrongful act or omission . . . except that the period shall be tolled during the time that any of the following exist: [¶] (1) The plaintiff has not sustained actual injury; [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred . . . ."

The estate concedes the family was aware of the alleged malpractice by June 6, 1988, at the latest, when Boucher communicated his opinion to Gloria. But the estate argues the statute was tolled by both of the listed exceptions. It reasons the estate did not suffer actual injury until February 1990 when the case was settled, purportedly for less than it would have if Louis were alive, and RKM effectively represented Louis continuously until the workers' compensation matter was settled in August 1990. Both of these dates were within one year of the January 1991 filing date for the malpractice action.

Had we been presented with the "actual injury" question in 1992, we might have easily resolved it in the estate's favor. That year, the Supreme

---

[3] Although it does not appear in the record, we are told Gailing is Louis's granddaughter.
[4] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

Court decided *Laird* v. *Blacker* (1992) 2 Cal.4th 606 [7 Cal.Rptr.2d 550, 828 P.2d 691], and made this plain pronouncement: "[W]e hold that under section 340.6, the statute of limitations for legal malpractice actions commences on entry of adverse judgment or final order of dismissal." (*Id.* at p. 615.)[5] Although in *Laird* the court did not mention settlement of a case as a similar event causing damage, it did so in *ITT Small Business Finance Corp.* v. *Niles* (1994) 9 Cal.4th 245, 257 [36 Cal.Rptr.2d 552, 885 P.2d 965], albeit in a transactional malpractice context.

If the law had stopped evolving at that point, we would conclude the statute of limitations was tolled until the estate's underlying action was settled. But although at least one case has interpreted *Laird* as creating a "bright line rule" (*Pleasant* v. *Celli* (1993) 18 Cal.App.4th 841, 848 [22 Cal.Rptr.2d 663]), others have not. In *Hensley* v. *Caietti* (1993) 13 Cal.App.4th 1165, 1175-1176 [16 Cal.Rptr.2d 837], the court held the plaintiff suffered actual injury in the underlying divorce action when she entered into an adverse marital settlement agreement, even though the agreement had yet to be incorporated into a judgment. In *Finlayson* v. *Sanbrook* (1992) 10 Cal.App.4th 1436, 1442 [13 Cal.Rptr.2d 406], the court created an exception to *Laird* in "missed statute" cases,[6] holding the actual injury occurs when the statute of limitations expires for the underlying action.

*Adams* v. *Paul* (1995) 11 Cal.4th 583 [46 Cal.Rptr.2d 594, 904 P.2d 1205], delivered the final blow to any notion *Laird* created a bright line rule. In *Adams*, a missed statute case, the trial court sustained a demurrer on the ground the statute of limitations in the malpractice action began to run when the statute expired in the underlying action. The Court of Appeal affirmed, on the theory the statute began to run when the defendant in the underlying action raised the statute of limitations defense. (*Id.* at p. 587.)

The Supreme Court reversed, finding the statute of limitations issue had been resolved improperly as a matter of law. "The issue may be resolved 'as

---

[5] In *Laird*, the plaintiff's underlying action was dismissed due to her attorneys' failure to prosecute it. She appealed the dismissal and eventually settled the matter on appeal for a nominal amount. She sued the attorneys for malpractice 19 months after the underlying action was dismissed, 17 months after she discharged the attorneys, but only 8 months after she dismissed her appeal. (*Laird* v. *Blacker, supra*, 2 Cal.4th at pp. 609-610.) The Supreme Court rejected her assertion that because she did not suffer monetary loss until the appeal was dismissed, the statute of limitations was tolled until then. The court reasoned, "[Laird] sustained actual injury when the trial court dismissed her underlying action and she was compelled to incur legal costs and expenditures in pursuing an appeal. Her case also lost considerable settlement value and potential interest on any monetary award that would have been awarded absent the malpractice, once the action was dismissed." (*Id.* at p. 615.)

[6] A "missed statute" case is one in which the alleged malpractice is the attorney's failure to file suit within the applicable statute of limitations.

a matter of law' only if the *facts* are undisputed" (*Adams v. Paul, supra,* 11 Cal.4th at p. 589), and the trial court erred by finding the malpractice action time barred "as a legal question rather than as a matter of law on undisputed facts." (*Id.* at p. 593.)

The lead opinion[7] explained the Court's prior decisions, finding the statute had begun to run when judgment, settlement, or dismissal occurred, were not intended to articulate a " 'rule for all seasons.' " (*Adams v. Paul, supra,* 11 Cal.4th at p. 588.) The opinion pointed out that "[i]n *Laird,* the harm occurred *no later than* the loss of the underlying action, i.e., order of dismissal and entry of adverse judgment, due to the attorney's negligence during the course of litigation. [Citation.] The court did not address the question of whether it could have arisen earlier. [Citation.]" (*Id.* at p. 591, fn. 4.)

The opinion explained why statute of limitations questions in missed statute cases could not be resolved as a pure question of law. "In the 'classic' missed statute situation, in which the attorney negligently fails to file the underlying lawsuit within the applicable statutory period and does nothing further, the plaintiff suffers actual harm at the time the statutory period lapses because, assuming the claim was otherwise viable, the right and/or remedy of recovery on the action has been substantially impaired. [Citations.] Despite uncertainty of amount or difficulty of proof [citation], the fact of harm would not be speculative or inchoate. [Citations.] . . . [¶] In other circumstances, the actual loss of the underlying remedy may remain contingent, that is, the attorney's negligence may have created only the potential for future harm. [Citations.] Notwithstanding apparent expiration of the statutory period, questions of waiver, estoppel, or even the applicable limitations period may raise factual issues concerning when the attorney's negligence caused definite and certain injury or more than nominal or insubstantial damages. [Citations.]" (*Adams v. Paul, supra,* 11 Cal.4th at pp. 589-591, fn. omitted.)

As a corollary of these observations, the court concluded, "[I]n these latter situations of contingent or speculative harm, the determination of actual injury does not necessarily depend upon or require some form of final adjudication, as by judgment or settlement. ' "[A]n injury does not disappear or become suspended because a more final adjudication of the result is sought." [Citation.]' [Citation.] In addition . . . 'the facts may demonstrate that plaintiff suffered damage when . . . compelled to "incur and pay

---

[7]Justice Arabian authored the lead opinion, joined by Justices Baxter and Werdegar. Justice Kennard supplied the fourth vote to reverse, writing a concurring opinion, the significance of which we shall discuss.

attorney's fees and legal costs and expenditures"' as the result of the malpractice. [Citation.] It would be for the trier of fact to determine when the requisite harm actually did occur as a consequence of the attorney's negligence. [Citation.] Of course, if the facts are undisputed, the trial court can resolve the question as a matter of law in accordance with the general principles governing summary judgment. [Citations.]" (*Adams* v. *Paul*, *supra*, 11 Cal.4th at pp. 591-592, fns. omitted.)

Based on this analysis, the lead opinion concluded the trial court erred in sustaining the demurrer and remanded the matter for further proceedings. In doing so, the opinion observed, "If the parties agree on the sequence of events and any other material matters, the court may then determine on summary judgment the point at which the fact of damage became palpable and definite even if the amount remained uncertain, taking into consideration all relevant circumstances." (*Adams* v. *Paul*, *supra*, 11 Cal.4th at p. 593.)

Justice Kennard's concurrence noted four basic principles in the lead opinion, drawn from the seminal case of *Budd* v. *Nixen* (1971) 6 Cal.3d 195 [98 Cal.Rptr. 849, 491 P.2d 433], with which she agreed: "(1) Determining when a plaintiff in a legal malpractice case has sustained actual injury is predominantly a factual rather than a legal determination. [Citations.] [¶] (2) The determination of actual injury does not depend upon or require a prior adjudication, judgment, or settlement. [Citations.] [¶] (3) An injury is not 'actual' if it causes only nominal damages, speculative harm, or the threat of future harm. [Citations.] [¶] (4) It is the fact of injury and not the amount of injury that is the relevant consideration. [Citations.]" (*Adams* v. *Paul*, *supra*, 11 Cal.4th at p. 595 (conc. opn. of Kennard, J.).) She also agreed with two additional propositions in the lead opinion relating to "missed statute" cases: "(1) actual injury is not established by the mere expiration of the limitations period on the client's claim against the third party [citation], and (2) determining actual injury may require resolution of factual issues such as which limitation period applies to the third party claim and whether the third party waived or would be estopped to assert a defense based on expiration of the limitations period [citation]." (*Id.* at p. 596.)

Justice Kennard made it clear, however, that she did not join in the lead opinion insofar as it suggested the expiration of the statute of limitations, without more, could constitute actual injury. (11 Cal.4th at p. 596.) She reasoned, "In the 'missed statute' cases, the harms most often at issue are the loss of the client's claim against the third party and increased legal expenses incurred to determine the effect of the missed statute or to enforce or attempt to enforce the third party claim. But the mere expiration of the limitations period on the third party claim does not extinguish that claim. [And]

[a]lthough the expiration of the limitations period may result in increased litigation costs, those costs become 'actual injury' only when they are incurred." (*Id.* at p. 597.) In other words, Justice Kennard reasoned that missing a statute of limitations only causes harm if and when the opponent notices it and does something about it.

We apply the wisdom of *Adams*'s lead and concurring opinions to the estate's case. Although the statute of limitations was not missed in the strict sense, the scenario is analogous. When the plaintiff in a personal injury action dies, the right to general damages for pain and suffering is extinguished. (Former Prob. Code § 573, repealed 1992, now Code Civ. Proc. § 377.34.); see also *Carr* v. *Progressive Casualty Ins. Co.* (1984) 152 Cal.App.3d 881, 891-892 [199 Cal.Rptr. 835].) A negligent failure to bring a case to trial before the plaintiff's death is akin to missing a statute of limitations for pain and suffering damages.

But a plaintiff's death is unlike the running of a statute of limitations in an important aspect. The statute of limitations is not jurisdictional. It is an affirmative defense. The defendant must raise it or the plaintiff has every right to collect a full judgment. (*Adams* v. *Paul, supra,* 11 Cal.4th at p. 597 (conc. opn. of Kennard, J.).) Conversely, the right to general damages for pain and suffering is lost as a matter of law by statute when the plaintiff dies. Even if the defendant did not raise the issue, the trial court should instruct the jury that pain and suffering damages are not available because the plaintiff died. (*Pepper* v. *Underwood* (1975) 48 Cal.App.3d 698, 708 [122 Cal.Rptr. 343] [court has duty to instruct properly on measure of damages], disapproved on other grounds in *Stout* v. *Turney* (1978) 22 Cal.3d 718, 730 [150 Cal.Rptr. 637, 586 P.2d 1228]; see *Agarwal* v. *Johnson* (1979) 25 Cal.3d 932, 951 [160 Cal.Rptr. 141, 603 P.2d 58].)

If RKM was negligent in not bringing the case to trial before Louis died,[8] actual injury occurred immediately on death when his estate was deprived of the opportunity to collect pain and suffering damages. Unlike *Adams* v. *Paul, supra,* 11 Cal.4th 583, the matter was determined on a motion for summary judgment on undisputed facts. No questions of waiver or estoppel were raised. The estate suffered damage as a matter of *fact* when Louis died before trial.

██ The estate argues alternatively that continuous representation tolled the statute of limitations (§ 340.6, subd. (a)(2)) because RKM represented

---

[8]We will assume negligence for the purposes of reviewing the motion for summary judgment on the statute of limitations issue. We note, however, it would seem extraordinary that attorneys could prosecute an asbestosis case to verdict in 10 months, even under the best circumstances.

Louis and his heirs after his death "regarding the specific subject matter" (§ 340.6, subd. (a)(2)), until the workers' compensation claim was settled less than a year before the malpractice case was filed. We assume the workers' compensation action involved the same subject matter as the personal injury suit: Louis's claim his work environment caused his injury. The two actions sought different remedies for the same harm. (See *Baright* v. *Willis* (1984) 151 Cal.App.3d 303, 309-310 [198 Cal.Rptr. 510].)

The problem is with the client. The estate correctly points out RKM recognized Josephine's authority to act for the estate because she signed the substitution of attorney form which RKM honored. But that observation is irrelevant. RKM ceased representing Louis and any of his heirs in the personal injury and wrongful death action almost three years before the malpractice action was filed. RKM only represented Josephine in the workers' compensation action.

The estate urges that an "Order Approving Compromise and Release, settling [the] worker's [*sic*] compensation [action], awarding certain payments to [Josephine] . . . creates a disputed issue of fact as to the continued representation by RKM of [the estate], and proves the representation by RKM of [Josephine] (a named party in the original Complaint)." To the extent the order created a question of Josephine's capacity when she was substituted into the workers' compensation action, the question was dispelled by the declaration of Wendy Hayward-Marshall, an RKM associate. She averred the firm only represented Josephine in her capacity as a *dependent* of Louis's, not as an heir or representative of his estate.[9] The estate presented no evidence to the contrary.

The estate's implied alternate argument is Josephine was also a named plaintiff in the original malpractice complaint. Whatever that implies about whether the statute of limitations had run on any cause of action Josephine might have had individually against RKM, it does nothing to bolster the estate's position on appeal. The motion was brought against the estate, the judgment was entered only against the estate, and the appeal was taken only on behalf of the estate. We must conclude that either the motion was not granted as to Josephine, or she has chosen not to appeal.

---

[9] Labor Code section 4700 provides in relevant part: "The death of an injured employee does not affect the liability of the employer . . . . Any accrued and unpaid compensation shall be paid to the dependents, or, if there are no dependents, to the personal representative of the deceased employee or heirs or other persons entitled thereto, without administration." Related *sections* of the Labor Code also distinguish between dependents and personal representatives and heirs. (Lab. Code, §§ 3503, 4700-4706.)

## II

The estate alternatively claims the trial court lacked the power to hear the renewed summary judgment motion. It reasons section 1008, subdivision (b) allows for renewed motions only where there are new facts or law, and *Laird* v. *Blacker*, *supra*, 2 Cal.4th 606, did not constitute new law.

The provisions of section 1008 are not jurisdictional. The trial court has broad discretion to hear a renewed motion, even if prerequisites of the section are not met. (*People* ex rel. *Dept. of Transportation* v. *Ad Way, Inc.* (1992) 8 Cal.App.4th 309, 313 [11 Cal.Rptr.2d 407].)

The judgment is affirmed.

Sills, P. J., and Sonenshine, J., concurred.