[No. F025980. Fifth Dist. Sept. 5, 1997.]

PHILLIP H. MAXWELL, Cross-complainant and Respondent, v.
COOLTECH, INC. et al., Cross-defendants and Appellants.

630

**COUNSEL**

Clifford & Brown, Stephen T. Clifford and John R. Szewczyk for Cross-defendants and Appellants.

Borton, Petrini & Conron and Victoria R. Allard for Cross-complainant and Respondent.

## Opinion

### BUCKLEY, J.—

#### STATEMENT OF THE CASE

Lindemann Produce, Inc. (Lindemann), filed a complaint in the Kern County Superior Court on September 24, 1993, naming as defendants Cooltech, Inc. (Cooltech), and Phillip H. Maxwell et al. Both Maxwell and Cooltech filed answers.

On March 20, 1995, Maxwell filed and served a cross-complaint for equitable indemnity, contribution and declaratory relief against Cooltech et al. Service was effected by serving the cross-complaint personally on Cooltech's attorney on March 20, 1995.

On March 22, 1995, the first amended complaint and the cross-complaint were dismissed with prejudice. The dismissals were entered on October 19, 1995. Thereafter, on February 13, 1996, cross-complainant Maxwell filed a motion to vacate the dismissal of the cross-complaint pursuant to Code of Civil Procedure section 473[1] on the ground cross-complainant Maxwell never intended to dismiss the cross-complaint *with prejudice*. The motion was served on February 9, 1996, by mailing the motion to the attorney who represented Cooltech in the underlying action. The attorney for Cooltech appeared specially at the hearing on the motion to challenge the jurisdiction of the court to hear the motion based on lack of personal jurisdiction due to defective notice of the motion. The court, after hearing argument, granted Maxwell's motion by vacating the dismissal with prejudice and replacing it with a dismissal without prejudice.

#### DISCUSSION

Cooltech argues the court did not have personal jurisdiction over Cooltech after the voluntary dismissal. Cooltech concedes that notwithstanding the voluntary dismissal,[2] the trial court retained subject matter jurisdiction to vacate the judgment under section 473 (*Basinger* v. *Rogers & Wells*

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]As a general rule, following the filing of a voluntary dismissal with prejudice, the trial court is without jurisdiction to act further in the action except for the limited purpose of

(1990) 220 Cal.App.3d 16 [269 Cal.Rptr. 332]). Cooltech asserts, however, the retention of subject matter jurisdiction is not ipso facto the retention of personal jurisdiction, and service of the motion to vacate on Cooltech's attorney of record, after the dismissal was filed and entered, did not effect personal jurisdiction.

We begin our discussion by noting there is no case directly on point. Undeniably, it is a practical necessity that the attorney-client relationship not be deemed to go on forever. However, just as the court retains subject matter jurisdiction for purposes of a section 473 motion, it is equally logical that the attorney-client relationship is deemed to continue for the purpose of responding, or at least accepting service regarding such an action. This rule serves the interest in finality of the relationship as well as the attorney's obligation to see a matter through until it is final not only in the legal sense but in the practical sense. Since a section 473 motion "shall be made within a reasonable time, in no case exceeding six months, after the judgment" (§ 473, subd. (b)), the finality of the termination of an attorney-client relationship is not jeopardized.

This reasoning is supported in the discussion on termination of the attorney-client relationship in Corpus Juris Secundum: "On the assumption or presumption that an attorney employed for purposes of litigation is usually employed to conduct it to judgment and no further, it has often been laid down, as a general common-law rule, that in the absence of special circumstances showing or requiring a continuation, and unless authority is shown to be extended by special agreement or statute, the relation of attorney and client and the authority and powers of the attorney cease or terminate on the rendition and entry of final judgment or decree, where the purpose or object of the employment is thereby accomplished and nothing further remains to be done. This rule, however, is usually held not to prevent the relation from continuing during the period after the judgment is rendered but before it becomes final or no longer subject to vacation on motion for any causes provided by statute or upon which a court has inherent power to act; and the relation may continue during proceedings for the purpose of enforcing the judgment or having it set aside." (7A C.J.S., Attorney & Client, § 226, pp. 408-409, fns. omitted.)

The judgment in the instant case, although final, "was subject to vacation" on a motion pursuant to section 473. As such, the existence of a final

---

awarding costs and statutory attorney fees. (*Harris* v. *Billings* (1993) 16 Cal.App.4th 1396, 1405 [20 Cal.Rptr.2d 718]; *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782].)

judgment did not preclude a finding that the attorney-client relationship still existed for the purpose of service.[3]

Moreover, section 410.50 provides that "Jurisdiction of the court over the parties and the subject matter of an action continues throughout subsequent proceedings in the action." We construe "subsequent proceedings" to logically include a motion pursuant to section 473.[4]

## DISPOSITION

The judgment is affirmed. Costs are awarded to respondent.

Thaxter, Acting P. J., and Harris, J., concurred.

---

[3]Cooltech cites *Panattoni* v. *Superior Court* (1988) 203 Cal.App.3d 1092 [250 Cal.Rptr. 390] as supportive of its position. We disagree. *Panattoni* simply resolved the question of when the attorney-client relationship ends for purpose of determining liability in a malpractice action, concluding that it generally ends upon entry of judgment. The court went on to state, "[w]e have no occasion to consider when representation has *ended* under other circumstances than those present here." (*Id.* at p. 1097, fn. 2.)

[4]As in *Panattoni* v. *Superior Court, supra,* 203 Cal.App.3d 1092, we have no occasion here to consider what *other* subsequent proceedings confer personal jurisdiction.