[No. B215454. Second Dist., Div. Four. Nov. 19, 2009.]

JESUS BARBOZA et al., Plaintiffs and Appellants, v.
WEST COAST DIGITAL GSM, INC., et al., Defendants and Respondents.

**Counsel**

Barritt Smith, Douglas A. Barritt and Perry G. Smith for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

**Opinion**

**WILLHITE, J.**—What are the obligations of class counsel when he learns that the defendant in the class action he is prosecuting has ceased operations, sold its assets to a third party, and intends to file for bankruptcy? In the case before us, counsel obtained a stipulated default and a default judgment that included more than $4 million in aggregate damages for the class, plus more than $1 million in prejudgment interest. So far, so good. But counsel then asserted that his job would be completed once his motion for attorney fees was heard, i.e., that he had no obligation to enforce the judgment on behalf of

the class. The trial court disagreed. It ruled that "by assuming the responsibility of pursuing claims on behalf of the class, class counsel assumed the obligation to pursue it until the end (i.e., enforcement of the judgment) and not just until judgment." Based upon the principles guiding class actions, we agree that class counsel's obligations to the class do not end with the entry of judgment, and hold that class counsel's obligations continue until all class issues are resolved, which may include enforcement of the judgment.

## BACKGROUND

This case is before us for the third time. In the first appeal (*Ahrns v. West Coast Digital* (Nov. 15, 2006, B188151) [nonpub. opn.]), we reversed the trial court's denial of class certification. In the second appeal (*Barboza v. West Coast Digital, GSM, Inc.* (June 25, 2007, B193619) [nonpub. opn.]), we reversed the trial court's disallowance of certain attorney fees. Our summary of the facts in this case relies in part on our earlier unpublished opinions.

The complaint in this case was filed as a class action in November 2004 by nine named plaintiffs. Plaintiffs, and the class they sought to represent, were employees of defendant West Coast Digital GSM, Inc. (WCD). They alleged causes of action against WCD[1] for damages arising from WCD's alleged unlawful deductions from wages, failure to pay overtime, and failure to provide meal and rest breaks.

Plaintiffs moved for class certification in August 2005. The trial court denied the motion in October 2005, and plaintiffs filed a notice of appeal from that ruling. While that ruling was on appeal, the trial court rejected the parties' request to stay the trial of the named plaintiffs' claims, and trial on those claims went forward in February or March 2006.[2] The named plaintiffs prevailed on all but one of their causes of action. Plaintiffs moved for their attorney fees under the Labor Code for fees related to prosecution of the individual claims. The trial court granted some, but not all, of the requested fees; it disallowed fees for trial preparation and trial related to two of the plaintiffs on the ground that they rejected an informal settlement offer that exceeded the amounts they recovered at trial. Plaintiffs appealed from that order.

In November 2006, we issued our opinion in the first appeal, reversing the denial of class certification and directing the trial court to certify the class. But because the named plaintiffs had already litigated their individual claims

---

[1] The complaint also named as a defendant Victor Chapron, a director, officer, and managing agent of WCD, but plaintiffs subsequently dismissed him.

[2] By the time of the trial, all but three of the original named plaintiffs had settled their individual claims and had withdrawn from the lawsuit.

by that time, we directed the trial court to determine whether the named plaintiffs could suitably represent the class and, if it found they could not, we directed the court to give them the opportunity to substitute new named plaintiffs to represent the class. For reasons not reflected in the record, the motion to certify the class (apparently with the same three named plaintiffs) was not submitted until September 2007. It was granted that same day. In the meantime, we issued our decision in the second appeal.

It appears that, in December 2007, WCD's president, Victor Chapron, filed a declaration stating that WCD sold its assets to a third party and ceased its operations in August 2007.[3] In an effort to avoid the expense of trial, in February 2008, plaintiffs and WCD entered into a stipulation that allowed plaintiffs to take a default against WCD.

Following submission of evidence of damages suffered by the class, judgment was entered on September 16, 2008. The judgment attached a list of class members whose claims were adjudicated, a list of former employees who are not members of the class and whose claims were not adjudicated, and an order designating the time periods applicable to the claims that were adjudicated. The judgment awarded aggregate damages of $4,105,262 and prejudgment interest in the amount of $1,669,955 in favor of the class against WCD, awarded additional enhancement amounts to each of the named plaintiffs, and stated that plaintiffs "are to be awarded reasonable attorneys' fees."

Plaintiffs filed their motion for attorney fees, but sought a continuance of the hearing on the motion so that notice of the judgment and of the hearing on the attorney fee motion could be given to the class. In February 2009, plaintiffs submitted a proposed notice for approval by the court. The proposed notice explained that WCD had sold it assets and ceased operations, and that it claimed to have no assets and would eventually declare bankruptcy. It noted that despite WCD's claims, class counsel obtained a judgment against WCD and filed a motion for attorney fees. But the proposed notice also stated that class counsel no longer had any obligation to pursue the matter on behalf of the class because its obligation was only to represent the class until judgment was obtained. Therefore, the proposed notice advised the class that class counsel would not be taking further steps to enforce the judgment.

The trial court denied plaintiffs' request to approve the proposed class notice, on the ground that there was no authority that would permit class

---

[3] This declaration is not in the record on appeal. There is a reference to the declaration and its contents in plaintiffs' proposed "Notice of Class Action Judgment, Motion for Attorneys' Fees, and Conclusion of Class Counsel's Obligations," which the trial court rejected in the order now on appeal.

counsel to limit its obligations in the manner stated in the proposed notice. Relying upon *Janik v. Rudy, Exelrod & Zieff* (2004) 119 Cal.App.4th 930 [14 Cal.Rptr.3d 751], which addressed the duty of care owed by class counsel to class members, the trial court concluded that class counsel had a duty to pursue the class claims "until the end (i.e., enforcement of the judgment) and not just until judgment." The court also noted that a well-known practice guide warns of the disadvantages of class actions, including that class counsel may find themselves caught in a class action that has proven to be undesirable due to the costs involved, because they are unable to dismiss class claims or parties without the court's approval.

Plaintiffs, and class counsel as an aggrieved party, timely filed a notice of appeal from the order denying their request to approve the proposed notice.[4]

## DISCUSSION

Plaintiffs contend the trial court erred by finding that class counsel had an obligation to continue to represent the class after entry of judgment, because the general common law rule is that the duties of an attorney employed to conduct litigation end upon entry of judgment in the absence of an agreement to the contrary. (Citing *Mizrahi v. Miscione* (1967) 252 Cal.App.2d 673, 676 [60 Cal.Rptr. 680] and *Maxwell v. Cooltech, Inc.* (1997) 57 Cal.App.4th 629, 632 [67 Cal.Rptr.2d 293] (*Maxwell*).) They argue that there are sound reasons for this rule—not the least of which is that enforcement of judgments requires specialized knowledge on the part of the attorney—and that there is no reason to treat class counsel differently than counsel in individual representation situations. But there are in fact important reasons to treat class counsel differently, and those outweigh any concerns about counsel's possible lack of expertise in enforcement matters.

■ The statement of the rule regarding the scope of an attorney's duties, as set forth by the court in *Maxwell*, anticipates that the rule would not apply in all circumstances: " 'On the assumption or presumption that an attorney employed for purposes of litigation is usually employed to conduct it to judgment and no further, it has often been laid down, as a general common-law rule, that *in the absence of special circumstances showing or requiring a continuation,* and unless authority is shown to be extended by special agreement or statute, the relation of attorney and client and the authority and

---

[4] At the same time that they filed their notice of appeal, plaintiffs submitted to the trial court another proposed notice for approval, which was similar to the original proposed notice except that it noted the dispute regarding class counsel's obligation to enforce the judgment and the appeal from the trial court's ruling. The trial court ruled that plaintiffs' filing of the notice of appeal stayed all proceedings in the case, including giving notice to the class regarding the judgment, and plaintiffs' motion for attorney fees.

powers of the attorney cease or terminate on the rendition and entry of final judgment or decree, *where the purpose or object of the employment is thereby accomplished and nothing further remains to be done.*' " (*Maxwell, supra,* 57 Cal.App.4th at p. 632, italics added, quoting 7A C.J.S. (2004) Attorney & Client, § 276, p. 308.) The purposes of the class action device and the fact that class counsel represents absent class members who had no input in the employment of that counsel present special circumstances that may render the general rule inapplicable in certain cases.

■ The "historical purpose [of the class action device] was to alleviate the burden on the court and its facilities in cases where a claim was common to a large number of persons. . . . [¶] Also influencing the general acceptance of class actions has been recognition of the fact that the collective or accumulative technique of this device makes possible an effective assertion of many claims which otherwise would not be enforced, for economic or practical reasons, were it not for the joinder procedure." (*Greenfield v. Villager Industries, Inc.* (3d Cir. 1973) 483 F.2d 824, 831; see also *Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 340 [17 Cal.Rptr.3d 906, 96 P.3d 194] (*Sav-On*) [" ' "the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation" ' "].) To accomplish these purposes, the class action device allows a single or small group of individuals and their attorneys to represent the interests of absent class members without their affirmative assent, but imposes certain safeguards to protect those interests.

■ First, the representative plaintiffs must establish that they will adequately represent the class before a class may be certified. (*Sav-On, supra,* 34 Cal.4th at p. 326.) Part of that showing involves establishing that the counsel they have chosen can and will adequately represent the interests of the class as a whole. (*Cal Pak Delivery, Inc. v. United Parcel Service, Inc.* (1997) 52 Cal.App.4th 1, 12 [60 Cal.Rptr.2d 207]; *McGhee v. Bank of America* (1976) 60 Cal.App.3d 442, 450 [131 Cal.Rptr. 482].) Second, both the representative plaintiffs and the counsel they have chosen owe absent class members a fiduciary duty to protect the absentees' interests throughout the litigation. (*Janik v. Rudy, Exelrod & Zieff, supra,* 119 Cal.App.4th at p. 938.) Finally, the trial court, "as the guardian of the rights of the absentees, is vested broad administrative, as well as adjudicative, power." (*Greenfield v. Villager Industries, Inc., supra,* 483 F.2d at p. 832.) Thus, unlike in situations in which the litigant has retained an attorney to conduct litigation, where the litigant and the attorney agree upon the scope of the engagement, and their rights and duties are governed by their agreement, in class actions, where there is no agreement with absentee class members to define the scope of the engagement, class counsel must represent all of the absent class members' interests

throughout the litigation to the extent there are class issues, and it is the duty of the trial court to ensure at every stage of the proceeding that counsel is adequately representing those interests.

■ In this case, the trial court properly performed its duty by finding that class counsel's job did not end with entry of judgment. The court was faced with a judgment (and eventually an attorney fee award), and a defendant who may not have *any* assets, let alone sufficient assets to satisfy both. Since the judgment was for aggregate damages, no individual class member could enforce it to recover whatever is owed to that individual. Moreover, a significant justification for allowing the case to proceed as a class action was that each individual claim was too small to justify the cost to pursue individual actions; those individual claims remain too small to justify the cost to pursue individual actions to enforce the judgment. But more importantly, since it seems unlikely (based upon counsel's own assertions) that there are sufficient assets to pay each class member what is owed, plus attorney fees, there remains an important *class* issue—i.e., how the recoverable assets (if any) are to be distributed. In short, class counsel's job—to represent the class in resolving class issues—is not yet done.

It may be that, given the specialized knowledge needed to enforce judgments, class counsel is not competent to provide enforcement services without assistance. But nothing prevents class counsel from associating in counsel with that expertise, and the cost of that association can be paid by the class from any recovery achieved. And if, after diligent inquiry, class counsel determines there are no recoverable assets, counsel may present such findings to the trial court, and the trial court, as guardian of the rights of the absent class members, may determine whether counsel should be relieved of any further obligations to the class.

■ Finally, plaintiffs ask this court to reassign this case to a different judge on remand, under Code of Civil Procedure section 170.1, subdivision (c). They made the same request in the previous appeal. We denied their request before, when we reversed the trial court's order reducing their attorney fee award, and we deny it again now. "The power of the appellate court to disqualify a judge under Code of Civil Procedure section 170.1, subdivision (c), should be exercised sparingly, and only if the interests of justice require it." (*Hernandez v. Superior Court* (2003) 112 Cal.App.4th 285, 303 [4 Cal.Rptr.3d 883].) Plaintiffs have not shown that the interests of justice require disqualification of the judge who has presided over this case for the past five years, and whose order we are affirming on appeal.

## DISPOSITION

The order is affirmed. Plaintiffs shall not recover their costs on appeal.

Epstein, P. J., and Manella, J., concurred.

A petition for a rehearing was denied December 7, 2009.